## HUTCHENS *v.* LASLEY.

The third paragraph of § 211, 2 R. S. p. 75, should not receive a construction as broad as its language will bear.

It does not apply to a case where the sale of the lands has been set aside or declared void in a suit by the purchaser to recover possession within ten years, and the suit thereupon abandoned.

It has reference to suits by the execution-defendant, or such as claim under him, brought to avoid the sheriff's sale by attacking it collaterally, where, until such suit, it has not been judicially set aside.

APPEAL from the *Randolph* Circuit Court.

PERKINS, J.—Action to recover possession of real estate.

Answer, that the plaintiff in the action is the execution-defendant to a former suit on an execution upon the judgment, in which the land in question was sold as the property of said *Hutchens,* plaintiff in this suit; and that more

than ten years elapsed between the sale on said execution and the commencement of this suit.

Reply, that for seven years after said sale on execution, no attempt was made to dispossess said execution-defendant under the sale; that afterwards, an action was brought against him to recover possession under that sale, in which a recovery was had and possession obtained below, but that the judgment was reversed in the Supreme Court, because the sale was void, the cause remanded to the Circuit Court, where it was dismissed by the plaintiff therein, at his own costs, and had never been renewed; and that this suit is to recover possession of said land from said *Smith*, or his grantee with notice. The reply further shows, that the judgment on which the sale was made, was also reversed. This reply was stricken out as irrelevant. Judgment for the defendant below.

The section of the statute relied upon in the answer is as follows (2 R. S. p. 75, § 211, par. 3): "Actions for the recovery of real property sold on execution, brought by the execution-debtor, his heirs, or any person claiming under him by title acquired after the date of the judgment, shall be brought within ten years after the sale."

This statute cannot be allowed a construction as broad as its language. If it could, it would bar an execution-defendant, simply because he might have been an execution-defendant, from suing, in any case, to recover land which had been sold on execution against him more than ten years previous.

But the statute would not apply to every such case. Nor do we think it applies to the present, where the sale of the land has been set aside, or declared void, in a suit by the purchaser to recover possession within the ten years, and the suit for possession thereupon abandoned by the plaintiff. The statute has reference to suits by the execution-defendant, or such as claim under him, brought to avoid the sheriff's sale by attacking it collaterally in such suit, where, till such suit, it has not been judicially set aside.

The Court erred in striking out the reply.

Nov. Term,
1858.

THE INDIAN-
APOLIS, &C.,
RAILRO'D CO.
v.
TAFFE.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Perry*, for the appellant.

*J. Smith*, for the appellee.