201; 20 Johns. 33; 3 Wend. 339; 4 *id.* 652; 7 Bing. 163; 1 Lou. Ann. R. 156; 3 *id.* 203; 4 Wend. 643; 4 Tyrw. 173; 3 *id.* 450.

(2) Mr. *Nelson, contra,* cited 1 Blackf. 373; 2 *id.* 340; 1 Ind. R. 333; 2 Pars. on Cont., 1st ed., 351, and note (*s*); 1 Pet. 362; 6 N. Hamp. R. 235; 9 Geo. 4, ch. 14; 2 R. S. p. 78, § 220; 2 Pars. on Cont., 1st ed., 354, 355, and note (*w*); 43 E. C. L. 146; 8 Ind. R. 421; 3 Johns. 367; 10 *id.* 259; 14 *id.* 132; 20 *id.* 163; 14 Mass. R. 103; 4 Pick. 137.

## MURPHY and Another *v.* BLAIR.

As a general rule, if a party suffer judgment to pass in a matter wherein he might have availed himself of a defense at law, chancery will not relieve him; but the rule applies only in cases where such a defense would authorize a Court of law to render a party full relief, in the case presented by the evidence.

Where a party could have set up the facts stated in a bill in chancery, under the general issue in ejectment, but success in that action would have resulted in an unqualified judgment, because a judgment, a sheriff's sale, and certain deeds, referred to in the bill, would still be outstanding as clouds upon the title, it was held that the party might resort to a Court of equity, and that that Court might determine the whole controversy.

Generally, in reference to lapse of time, Courts of equity act in obedience to the statute of limitations.

Thus, in cases of equitable title to land, relief must be sought within the period in which ejectment would lie.

A claim to real estate will not be barred by a lapse of time shorter than that which would bar an action of ejectment.

Where the setting aside of an execution is all the relief to which a party is entitled, it must be sought in a Court of law; but it may be well sought in a Court of equity, in connection with relief not attainable at law.

*Thursday, May 26.*

APPEAL from the *Jackson* Circuit Court.

DAVISON, J.—This was a suit in chancery, instituted in *March,* 1853, by the appellee, who was the plaintiff, against the appellants, who were the defendants.

The bill states, *inter alia,* these facts: The plaintiff was the owner of a tract of land in *Jackson* county, on which, with her son-in-law, one *Felix Cook,* she resided. *Cook,* having in his possession a written instrument for the payment of 1,500 dollars, which he had obtained from plaintiff by fraud, compelled her, by threatening to take her life in

case she refused, to execute to him a cognovit founded on the instrument. Upon the cognovit thus executed, he caused to be entered up, in the *Jackson* Circuit Court, at the *February* term, 1843, a judgment for 1,642 dollars, with costs, &c. At the instance of *Cook*, one *Samuel W. Smith* appeared as his attorney. in the suit on the cognovit, and he also procured the same attorney, without the assent or knowledge of the plaintiff, to appear as her attorney in the same suit, and on her behalf to confess the judgment. *Cook*, having thus recovered said judgment, assigned it to *Daniel H. Long*, who, at the time, had full notice of the fraudulent and unlawful manner in which the written instrument was obtained, the cognovit procured to be executed, and the judgment caused to be rendered. After this, an execution was issued on the judgment, which was levied on the plaintiff's land; and on the 6th of *April*, 1847, the same was offered for sale by the sheriff, when *Long* purchased it for 614 dollars, and received a deed pursuant to the sale; and afterwards, on the 11th of *November*, 1851, he conveyed the same land, by deed in fee simple, to *George H. Murphy*, who, at the time he received the deed, had due notice of the fraudulent conduct of *Cook*, and of the fraudulent nature of the judgment and proceedings, &c. It is averred that the conveyance to *Murphy* was collusive; that no consideration passed from him to *Long;* and that their joint object was to defraud the plaintiff out of her farm; and to produce that result, *Murphy*, in *August*, 1852, brought ejectment against her, in said Court, for the recovery of the land, and has, in that action, recovered judgment, &c.

The relief prayed is, that the written instrument, cognovit, judgment confessed, sheriff's sale and deed, and deed to *Murphy*, be severally set aside for fraud, &c.; and that the plaintiff be restored to her rights, &c.; and that until this case is fully heard, proceedings on the judgment in ejectment be enjoined, &c.

The defendants demurred to the bill; but their demurrer was overruled, and thereupon they answered. Their answers are, in effect, special denials.

May Term,
1859.

MURPHY
v.
BLAIR.

The issues were submitted to the Court, who found for the plaintiff, and, having refused a new trial, rendered a decree in accordance with the prayer of the bill, &c.

The error upon which a reversal of this decree is sought, relates, mainly, to the action of the Court in overruling the demurrer. It is insisted—

1. That the plaintiff had a full and complete remedy in the action of ejectment.

2. That the remedy was barred by lapse of time.

3. That an execution upon a judgment should be set aside, if at all, by motion in a Court of law, and not by bill in chancery.

Where a party suffers a judgment to pass, in a matter of which he might have availed himself by defense at law, chancery will not relieve him. 1 Johns. Ch. 51.—2 Ind. R. 558. This position is assumed in argument, and is, no doubt, correct, as a general rule; but, in our opinion, it applies only in cases where such a defense would authorize a Court of law to render the party full relief, in the case presented by the evidence. It is true, the plaintiff could have set up the facts stated in the bill, under the general issue in the ejectment; but her success in that action would have resulted simply in an unqualified judgment, which could not be adequate relief, because the judgment, sheriff's sale, and deeds, referred to in the bill, would still be outstanding. To remove these clouds from her title, she was compelled to invoke the aid of a Court of equity, and that Court, being rightfully in possession of the cause for the one purpose, was authorized to proceed to determine the whole controversy. 1 Story's Eq. Juris. § 71. Moreover, the plaintiff could have brought a new ejectment: hence, there seems to be no reason why she could not, in its stead, institute a suit in chancery.

But is the remedy, in this case, barred by lapse of time? This is the next question to settle. Generally, in reference to lapse of time, Courts of equity act in obedience to the statutes of limitations. Thus, in cases of equitable titles in land, equity requires relief to be sought within the same period in which an ejectment would lie.

1 Story's Eq. Juris., § 55.—2 *id.*, §§ 1520, 1521.—Ang. on Limit., p. 27, *et seq.* It has been decided that "a claim to real property will not be permitted to be barred by a lapse of time shorter than that which would have barred an action of ejectment at law." *Dugan* v. *Gittings*, 3 Gill, 138. The rule thus stated applies to the case at bar; because, in this instance, the right supposed to be barred is a right to land, and the plaintiff could have instituted ejectment at any time within twenty years from the time she was dispossessed. R. S. 1843, pp. 795 to 799, §§ 29 to 44. The record shows that that period had not elapsed when the present suit was commenced.

The third point is, that "an execution upon a judgment should be set aside, if at all, by motion to a Court of law." This position, though in the abstract correct, is not available in its application to this case. Where the setting aside of an execution is all the relief to which a party is entitled, it must be sought in a Court of law; but here, such relief, in connection with other relief not attainable in that Court, is well sought in a Court of equity. 1 Story's Eq. Juris. p. 88.

*Per Curiam.*—The decree is affirmed with costs.

*W. T. Otto* and *J. S. Davis*, for the appellants.

*R. Crawford*, for the appellee.