May Term,
1859.

The Board
of Commis-
sioners, &c.
v.
Bilsland.

*R. Parrett*, for the appellant.

---

### The Board of Commissioners of Fountain County *v.* Bilsland.

*Kent* v. *Lawson, post*, 675, followed.

Complaint upon an account stated, founded upon an order of a county board, a copy of which was filed therewith. It is stated in the order, that "The board now make settlement with *B.* in relation to the balance due said *B.*, as assignee of *P.* and *B.*, for erecting the county seminary building, which settlement is as follows." Then appear the charges and credits, running through several years, with the following at the end: "Leaving a balance due said *B.* on said contract, *at this date*, March 12, 1856, of 594 dollars, 27 cents, which is to be paid agreeably to the provisions of an order of this board in relation thereto, *passed at its September session*, 1856."

*Held*, 1. That the last clause quoted did not render it necessary to make averments different from those required in a complaint upon an account stated.

2. That the clause in question was inoperative, because it states a condition to be made *in futuro*, which it was not shown could be made without the agreement of the plaintiff, by which some terms not disclosed were to be placed upon the payment of a sum acknowledged to be due by the former part of the entry; and because it was otherwise uncertain.

Wednesday,
June 29.

APPEAL from the *Fountain* Circuit Court.

HANNA, J.—In this case, there was a demurrer to the complaint overruled. Trial and judgment for the plaintiff, *Bilsland*.

There was no motion for a new trial, and upon that the first question is made. It is insisted that if such motion is not made, no question can be raised here. In the case of *Kent* v. *Lawson*, at this term (1), it was held otherwise as to rulings on the validity of the pleadings.

The causes of demurrer are, first, as to the parties; and, second, as to the sufficiency of the complaint.

The complaint is upon an account stated between the parties, and is founded on a record of the board upon that subject, a transcript of which is filed therewith. It is therein stated that "The board now make settlement with *John Bilsland* in relation to the balance due said *Bilsland*, as assignee of *William S. Patterson*, on the contract with *Patterson* and *Bilsland*, for erecting the county seminary building, which settlement is as follows." Then appear the charges and credits, running through several years, entered in figures, with the following words at the end of the calculation, to-wit: "Leaving a balance due said *Bilsland*, on said contract, at this date, *March* 12, 1856, of 594 dollars, 27 cents, which is to be paid agreeably to the provisions of an order of this board in relation thereto, passed at its *September* session, 1856."

But one point is made in the brief of appellant, and that is, as to whether the complaint shows a liability upon the part of the county,

Without doubt, the order entered upon the records of the board of county commissioners, in *March*, 1856, is a sufficient foundation for a complaint as upon an account stated, if the latter clause of it does not, in some way, change the liability of the board, or at least require additional averments, &c., by the plaintiff. We do not think that clause devolves upon the plaintiff the necessity of making averments in any manner different from those required in an ordinary suit upon an account stated, for the reason that the part of the entry, under consideration, is so informal, uncertain, and of such a tenor, if it speaks the truth, as to render it inoperative as a qualification of the then acknowledgment of unconditional indebtedness. It will be observed that the settlement and entry was made

May Term, 1859.

THE BOARD OF COMMIS-SIONERS, &C.
v.
BILSLAND.

May Term, 1859.

in *March*, 1856, and the clause of the entry, which, it is insisted, is a qualification of the general acknowledgment of indebtedness, refers to an order made, relative to the payment thereof, at the *September* session, 1856—a time yet in the future—an order that could not possibly have been yet made. If it speaks the truth, it was inoperative, because it refers to a condition to be made sometime in the future, and which it is not shown could be made without the agreement of the plaintiff, by which some terms, not disclosed, were to be placed upon the payment of a sum by the former part of the entry acknowledged to be due. If the record did not speak the truth as to the date of the order relative to the payment, then it was so uncertain as to be so far inoperative that it might be disregarded by the plaintiff in filing his complaint. If the defendant could, by an answer, have placed it in a condition to avail him as a defense, he should have done so.

We do not decide whether the plaintiff should have set forth the order referred to, in regard to payment, &c., if the record had shown that such an order had been made previous to the time of said settlement; or whether it ought more properly to have been brought forward as a matter of defense.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*W. H. Mallory* and *C. Tyler*, for the appellant.

