## GRAY *v.* STIVER and Others.

DEMURRER.—NEW TRIAL.—Any matter for which a new trial may be granted, as specified in sec. 352 of the code, must, in order to be available as error in the Supreme Court, have been made the foundation of a motion for a new trial in the court below. But rulings upon demurrers to pleadings are not within the rule. Page 177.

LIMITATIONS.—SUIT TO AVOID SHERIFF'S SALE.—Sec. 211, 2 G. & H. 158, which enacts that actions for the recovery of real property sold on execution, brought by the execution debtor, his heirs, &c., must be begun within ten years after the sale, does not mean that a sheriff's sale shall be beyond question after the lapse of ten years, where the possession of the execution defendant has not been disturbed during that period, nor that after the sheriff's sale has been declared void by judicial determination, it shall yet be protected by the expiration of ten years from its date. Page 178.

SAME.—But where nearly twenty years have elapsed after the date of the sale, and during all that time the purchaser has been in adverse possession, the statute does apply, and is a bar to an action for the recovery of the land. Page 178.

SAME.—It has been held by this court that the statute applies even where the court has not acquired jurisdiction over the persons of the owners of the land sold. Indeed, the statute would be useless, if it only protected titles which do not need protection. Page 177.

SAME.—Statutes against frauds cannot, as a general rule, be pleaded to protect a fraud; but it is not so as to statutes of limitations, except in peculiar cases in equity.

Gray *v.* Stiver and Others.

MISDESCRIPTION OF LANDS.—The lands conveyed by a mortgage were described as "the south-west quarter of section 31, township 4 north, range 11 east, and also the following tract, adjoining the above described tract on the west, to-wit: forty rods in width off of the east side of the *north-east* quarter of section 36, township 4, of range 10 east, which said tract extends forty rods in width, as aforesaid, and from the north line to the south line of said last mentioned quarter section."

*Held,* that the description is repugnant and impossible, if effect be given to all of its terms, as the *north-east* quarter of section 36, &c., cannot adjoin on the west the *south-west* quarter of section 31.

*Held,* also, that there were two descriptions of forty acres in the mortgage, either of which, taken alone, would be perfect, and it was evidently not intended to convey both. If both are equally certain, then both must be held void, but if one is less likely to be erroneous than the other, the court will adopt the former, to give effect to the conveyance.

*Held,* also, that there was less probability of mistake in that part of the description which described the second tract, forty rods in width, as "adjoining the former on the west," than in the description of the quarter section, by numbers, in which such forty acre tract was situated, and hence the court will give effect to the former, and reject the latter.

MASTERS IN CHANCERY.—Under the statute of 1836, masters in chancery had general authority to take the acknowledgment of deeds.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, J.—Complaint in three paragraphs. 1. In the usual form in ejectment under the code. 2. That the plaintiff is the owner in fee of the lands described in the first paragraph; that in *February,* 1839, he and his wife mortgaged the same to one *Mitchell,* to secure $3,000; that on the 3d of *April,* 1841, *Mitchell* filed a bill in chancery for foreclosure and the sael of the mortgaged premises; that proceedings upon the bill afterward abated by the death of *Mitchell,* and were revived by his administrators *de bonis non,* (the defendant, *Stiver,* having first been appointed administrator and resigned,) and a decree for the sale of the lands obtained; that the sheriff, by virtue of an order of sale, issued *January* 26, 1844, sold the lands in one body, (the south-west quarter of section 31, township 4 north, range 11 east, and forty rods in width adjoining, off of the east side of the south east quarter of section 36, township 4 north, range 10 east, extending from the north to the

south line of the last mentioned quarter section,) to the defendant, *Stiver*, for the nominal sum of $300, and conveyed the same to him by deed; that the lands might have been sold in parcels without injury, so as to have satisfied the decree with a part of the lands; that the plaintiff, when the proceedings to revive the chancery suit were begun, resided in *Harrison* county, and that he had no notice of said proceedings, nor was any summons issued, nor had he any knowledge or information of the decree and sale; that he did not appear; that he did not learn of the same until *February*, 1859; that *Stiver*, by fraud, procured the sale, and made the purchase at $300; that but for such fraud the lands would have sold for $6000; that *Stiver's* wife was *Mitchell's* only child; that he was appointed administrator of *Mitchell* in 1842; that desiring to purchase the lands ("the Gray farm,") he resigned the administration, upon an agreement with *Pitcher & Phillips*, who were afterward the administrators *de bonis non*, that if they would secure to him the title to the "Gray farm," he and his wife would convey to them the "home farm," belonging to *Mitchell's* estate; that *Pitcher & Phillips* gave *Stiver* a bond, with surety, conditioned to carry out the agreement; that *Stiver* did convey the "home farm" to them; that the sheriff's sale of the "Gray farm" was, with *Stiver's* knowledge, conducted so as to avoid competition in bidding; that the land was, and is, worth $6000; that *Stiver* holds possession without right, and, on request, in *February*, 1861, refused to give possession, and pretends to own the same in fee; that the other defendants are *Stiver's* tenants, &c. The third paragraph is like the second, except that it alleges no fraud against *Stiver*.

The defendants answered: 1st, general denial; 2d, that the cause of action did not accrue within twenty years before the suit was commenced; 3d, to the second and third paragraphs of the complaint, that the cause of action did not accrue within ten years before the commencement of the suit. The plaintiff demurred to the third paragraph of the answer; his demurrer was overruled, and he

excepted, and stood by his demurrer. There was a reply of general denial to the second paragraph of the answer. Trial by the court; finding for the defendants, and judgment thereon, after an ineffectual motion for a new trial by the plaintiff.

We are called upon to review the action of the court below upon the demurrer to the third paragraph of the answer. It is suggested on behalf of the appellees that, under the statute, the whole case could properly have been tried upon the first paragraph of the complaint, and the general denial thereto; that all other pleadings were unnecessary, needlessly incumbering the record, and that, therefore, this court could not reverse the case upon the pleadings. This would be correct, if under the second and third paragraphs of the complaint, no other relief could be obtained than the mere recovery of the possession of the lands, with damages. But a case of the kind might be so presented in the evidence, that though the plaintiff would have no right to the possession, he might nevertheless be entitled to have the sheriff's sale, or even the decree, vacated. We do not perceive that we can, on the ground urged, properly avoid meeting the question as to the sufficiency of the third paragraph of the answer. Nor was it necessary, as is insisted in argument, that the ruling upon the demurrer should have been assigned as a cause for a new trial. Errors of law occurring at the trial, it has been held by this court, are waived, unless taken advantage of upon such a motion. 2 G. & H. 214. And the general principle, now well settled, is that any matter for which a new trial may be granted, as specified in § 352 of the code, must, in order to be available in this court, have been made the foundation of a motion for a new trial below. *Kent v. Lawson,* 12 Ind. 675. But rulings upon demurrers to pleadings have been held not within the rule, because not within that section of the statute. *Commissioners, &c. v. Bilsland,* 12 Ind. 668.

It is enacted that suits for the recovery of real property

sold on execution, brought by the execution debtor, must be brought within ten years after the sale.   2 G. & H. 158. The answer was evidently framed to make a defense under this statute.

In *Hutchens* v. *Lasley*, 11 Ind. 456, it was held that this statute was not applicable in a case where, in a suit to recover possession, brought by the purchaser, within the ten years, the sale had been declared void in this court, and the suit abandoned.   In that case, the execution defendant was in possession when the first suit was brought.   He could bring no suit to recover lands of which he held possession. The statute does not mean that a sheriff's sale shall be beyond question after the lapse of ten years, where the possession of the execution defendant has not been disturbed during that period.   Nor can it mean that, after the sheriff's sale has been declared void by judicial determination, it shall yet be protected by the expiration of ten years from its date.   The statute is one of repose; but to make such a use of it as that, would be to unsettle titles, and not to give them rest, and would defeat the object of the statute.   But this case does not fall within the principle alluded to.   Here nearly twenty years had elapsed after the date of the sale, and during all that time the purchaser had been in adverse possession of the premises.   We speak of what the pleadings show.   The statute was intended for exactly such a case, and to hold otherwise would be absolutely to nullify it.   This court has held, in a case involving like principles, that the statute applies even where the court has not acquired jurisdiction over the persons of the owners of the lands sold.   *Vancleave* v. *Milliken*, 13 Ind. 105 ;  *Vail* v. *Halton*, 14 Ind. 344.   Indeed, the statute would be useless, if it protected only titles which do not need protection.

But it is contended that no man can plead a statute to protect him in the enjoyment of rights fraudulently obtained.   We do not concede this proposition in the broad terms in which it is expressed, and we know of no

authority which supports it, and none is cited. It is true that statutes against frauds cannot, as a general rule, be pleaded to protect a fraud. But we have never understood that it had been so held as to statutes of limitations, except in peculiar cases in equity. It is surely within the scope of legislative authority to say, that after the lapse of a given time, a transaction shall not be open to inquiry. In the case in judgment, it has been so enacted. There is no room to question the intention of the statute. It was designed to give security to those holding possession under titles arising under sales by sheriffs. This case is within the intention, and we must apply the law as we find it to exist.

It is contended that the court erred in finding for the defendants, as to the forty acres of land in section 36, township 4, range 16. This proposition rests wholly upon the effect to be given to the description of the lands as contained in the mortgage, and which was carried into the decree of foreclosure and subsequent proceedings under it. That description is as follows: "The south-west quarter of section 31, township 4, north, range 10, east; and also the following tract, adjoining the above described tract on the west, to-wit: forty rods in width off of the east side of the *north-east* quarter of section 36, township 4, range 10, east, which said tract extends forty rods in width, as aforesaid, and from the north line to the south line of said *last mentioned* quarter section." This description is repugnant and impossible, if effect be given to all its terms, inasmuch as the *north-east* quarter of section 36, township 4, range 10, cannot adjoin on the west the south-west quarter of section 31, township 4, range 11, as is apparent from a diagram.

Gray *v.* Stiver and Others.

| R. 10. | | R. 11 |
|---|---|---|
| | N. E. QR. | |
| Section 36. | | Section 31. |
| | S. E. QR. | S. W. QR. |

The mortgage was in form an absolute deed, with a separate written defeasance from *Mitchell* to *Gray*, of even date with the deed. In the defeasance, the land is described as being the same upon which *Mitchell* held a mortgage from *Gray* for $1200, and the same upon which *Gray* then resided, containing one hundred and ninety-nine acres, more or less. The mortgage for $1200, from *Gray* to *Mitchell*, describes the strip forty yards in width as being in the *south*-east quarter of section 36. It appears in evidence, also, that that, together with the *quarter section* concerning which there is no trouble as to description, constituted the farm upon which *Gray* resided when the first mentioned mortgage and defeasance were executed. Inasmuch as the deed and the defeasance, taken together, constitute the contract, both are to be looked at; and it would follow that no difficulty exists in ascertaining the lands mortgaged, and that a mistake in the scrivener, in writing *north* instead of *south*, is obvious. But the land was purchased by *Stiver* by the description in the last mortgage, and by that description it was exposed to sale by the sheriff, so that, after all, we must determine the question under consideration by the language used in the mortgage, without the aid of other circumstances; for the purchaser would take the lands struck off to him by the sheriff, and none other.

There are really two descriptions of forty acres in the mortgage, either of which, taken alone, is perfect, to-wit: a strip forty rods wide off of the east side of the north-east quarter of section 36; and a strip forty rods wide, adjoining on the west the south-west quarter of section 31. These are different tracts, and it was not intended to convey both. Can it be determined from the language employed which one is meant? If it can, then such determination settles the question. If both descriptions are equally certain, then both must be held void; but if one is less likely to be erroneous than the other, then the latter will be rejected as a mistake, for there is a mistake evidently. This is the rule to be deduced from the cases, for "the law shall make such construction as the gift by possibility may take effect." *Co. Lit.* 183, *b.* A man cannot be mistaken as to the location of a strip of land forty rods wide, adjoining on the west a quarter section with which he is acquainted, but he might easily mistake the number of the lot or section, or the particular quarter section of which it constituted a part. In a survey, courses and distances yield to monuments, or other objects of which the senses can take cognizance, and the most notorious of these are deemed the most reliable *indicia* of the intention of the parties.

In *Worthington* v. *Hylyer*, 4 Mass. 196, the land was described as "my farm in &c., on which I now dwell, being lot 17, &c., containing one hundred acres, with my dwelling house and barn thereon standing, bounded &c., having a highway through it." The boundaries given were those of lot 17, but the grantor's house and barn were not upon that lot, he did not reside upon it, nor was there a highway through it. It was held that the tract of land on which were the dwelling house and barn passed by the deed. In *McNaughton* v. *Loomis*, 18 Johns. 81, *S. C.*, 19 Johns. 449, the grant was of "part of lot 51, of the second division of a patent granted to *Isaac Sawyer* and others, in the town of *Cambridge*, &c., bounded &c.," giving metes and bounds, and monuments at the corners. The monuments were not

to be found on lot 51, but were found on lot 50, corresponding with the boundaries mentioned in the deed. It was held that the tract passed which was designated by the monuments. SPENCER, C. J., in delivering the opinion of the court, said: "We have a right to presume, either that these monuments were erected by the parties prior to the conveyance, or that they went upon the land and ascertained them to be there.　*　*　These monuments are part of the description, and a much more important part than the expressions in the deed, 'being part of lot no. 51, in the second division of a patent granted to *Isaac Sawyer* and others.' Indeed, I consider the number of the lot no more important than the fact asserted that the patent was granted to *Isaac Sawyer* and others; and suppose that this part of the description was untrue, and that it had been granted to *John Sawyer*, surely that mistake would not avoid the grant.　*　*　*　*　There is another principle applicable in the case. Here is a flat contradiction in the description, and then we ought to take that which is most stable and certain,　*　*　and in point of certainty the number holds no comparison with the monuments." See, also, *Flagg* v. *Thurston*, 13 Pick. 150; *Bosworth* v. *Sturtevant*, 2 Cush. 392; *Bates* v. *Tymason*, 13 Wend. 300.

We are of opinion that there was no error in the finding as to the forty acres, and, without extending this opinion by a discussion of the evidence, we are of opinion that the whole finding was right upon the evidence.

There are some questions made as to the admissibility of certain deeds in evidence, but we deem them unimportant, inasmuch as, in the light of the views already expressed, the result must be the same, whatever might be our opinion upon these questions. We think, however, that under the statute of 1836, masters in chancery had general authority to take the acknowledgment of deeds.

A question is also made upon the record of the foreclosure suit, as to whether it was void for the want of

proper notice to *Gray.* We have not examined that question, because the opinion already given, as to the statute of limitations, renders it an immaterial question.

The judgment is affirmed, with costs.

*J. Sullivan, A. C. Dewey, H. W. Harrington* and *McDonald & Roache,* for appellant.

*M. G. Bright, R. J. Bright* and *C. E. Walker,* for appellees.