## COBB ET AL. *v.* KRUTZ.

SUPREME COURT.—*Cause for New Trial.*—No question can be presented for review in the Supreme Court, based upon an alleged error occurring at the trial, unless such ruling has been excepted to and assigned as a cause for a new trial.

Cobb *et al. v* Krutz.

BILL OF EXCEPTIONS.—*Uncertainty.*—*Instructions.*—Where a bill of exceptions stated in conclusion: "Whereupon the plaintiff, at the time, noted exceptions on the margin of a part of the charges given by the court to the jury, and at the time excepted to each of the charges, severally, upon which exceptions were noted on the margin thereof at the time," this court was unable to determine whether the plaintiff excepted to each and all of the instructions given, or only to such as had the exceptions noted on the margin. The clerk noted that there were no instructions on file that had exceptions noted on the margin.

PRACTICE.—*Instructions.*—*Exception.*—A party cannot complain of the giving of instructions asked by himself.

APPEAL from the Switzerland Common Pleas.

BUSKIRK, J.—This was an action by the appellants against the appellee, to recover the amount of money alleged to have been overdrawn by the appellee on account of hay furnished by him to the appellants.

The defendant answered in denial and by way of set-off. There was a denial of the set-off.

There was a trial by a jury, resulting in a finding of a general verdict for the defendant, and in a special finding, in answer to an interrogatory submitted by the court, that there had been a full and final settlement between the parties of all the matters involved in this action.

The appellants' motion for a new trial was overruled, and excepted to, and final judgment rendered on the verdict.

The third assignment of error is based upon the refusal of the court to grant a new trial, and is the only valid assignment of error, the others being the reasons assigned for a new trial.

The first question presented for our decision is, that the verdict is not sustained by the evidence. We think otherwise. In our opinion, the verdict is fully supported by the evidence.

The next objection urged to the action of the court below is based upon the alleged error of the court in making an order requiring the witnesses to be separated. Both the parties requested the court to separate the witnesses. There were three plaintiffs. When Lewis M. Foulk, one of the

plaintiffs, was offered as a witness, the court ordered that one of the plaintiffs might remain in court and consult with counsel, and that the other plaintiff should withdraw from the presence and hearing of the court, while his co-plaintiff was testifying; and when the said Foulk had concluded his testimony, the court ordered him not to inform his co-plaintiff who had retired, what facts he had testified to, until his said co-plaintiff had been examined as a witness. The appellants excepted to these orders, and placed their exceptions in the record by a bill of exceptions, but these rulings of the court were not assigned as reasons for a new trial.

The eighth cause for which a new trial may be granted is, for "error of law occurring at the trial and excepted to by the party making the application," etc. 2 G. & H. 214.

It is the settled rule in this court, that no question can be presented for review here, based upon an alleged error occurring on the trial, unless an exception was taken at the time of such ruling, and unless such ruling was assigned as a reason for a new trial. *The Board of Commissioners, etc.,* v. *Bilsland,* 12 Ind. 668; *Kent* v. *Lawson,* 12 Ind. 675; *Gray* v. *Stiver,* 24 Ind. 174.

It is next claimed that the court erred in giving certain instructions to the jury. The condition of the record renders it impossible for us to pass upon any question relating to the instructions. The bill of exceptions purports to set out certain instructions. It is stated in the bill of exceptions, that "the plaintiffs ask the court to instruct the jury as follows:" Then follow instructions numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 11½, 14, and 8, and the bill concludes as follows: "Whereupon the plaintiffs, at the time, noted exceptions on the margin of a part of the charges given by the court to the jury, and at the time excepted to each of the charges severally upon which exceptions were noted on the margin thereof at the time."

It does not affirmatively appear whether the instructions asked by the plaintiffs were given by the court, but such

fact is probably inferrible from the closing part of the bill of exceptions. Nor are we able to determine whether the plaintiffs excepted to each and all of the instructions given by the court, or only to such as had the exceptions noted on the margin. The clerk has noted at the close of the bill of exceptions that there are no charges on file that have the exceptions noted on the margin. Nor can we see how the plaintiffs can complain of the giving of instructions which were asked to be given by them, as is shown to be the case by the bill of exceptions. The instruction numbered eight, and being the last of the series, was not given by the court; but we are informed by the very kind and obliging clerk, that the court instead of giving such instruction, read to the jury sec. 200, 1 Greenl. Ev.

The instructions set out in the bill of exceptions are not signed either by the court or counsel.

The third reason for a new trial is as follows: "Because the court committed error of law in charging the jury by giving the following charges, to each of which the plaintiffs at the time severally excepted, and at the time noted their exceptions in writing on the margin of such charges." There are no exceptions noted at the end or on the margin of the charges, but this omission is probably cured, by the exceptions being set out in the bill of exceptions.

The counsel for appellants, in his brief, only complains of the giving of one instruction, but it is not referred to by its appropriate number. The substance of the instruction is stated. We are informed by counsel that the court charged the jury that the testimony of the defendant was entitled to as much weight as that of the three plaintiffs. We have time and again read the instructions set out in the bill of exceptions, but have been unable to find anything relating to the matter stated in the brief. There is no instruction numbered twelve. It may be possible that the omitted instruction contained the principle of law complained of.

It is very obvious that no question is presented by the

Cobb *et al. v.* Krutz.

record as to the correctness of the instructions given by the court.

We cannot close this opinion without referring to other great and glaring defects and imperfections in the record, and we do not do it in a complaining or fault-finding spirit, but in the hope that we may be relieved from reading a great mass of worthless trash that is copied into many of the records. The first sixteen pages of the record contains the original complaint, bill of particulars filed therewith, the answer and the bill of particulars constituting a part thereof, and the summons and return thereon. The clerk then sets out a substituted complaint, answer and exhibits accompanying the same.

We are next required to read an affidavit for a continuance covering five pages of the record. This brings us to the thirty-fourth page of the record. We are next delighted with the opportunity of reading forty-two pages relating to a motion to suppress certain depositions and certain parts of other depositions. The very considerate and industrious clerk, not being influenced by any sordid considerations, but doubtless being apprehensive that we might get out of work, has been careful not only to copy the depositions, but the notices, commissions, captions, and certificates of notary public. We have at last arrived at page 76 of the record. The substituted complaint, answer, and bills of particulars cover eight pages of the record, which leaves sixty-eight pages of worthless trash. It is expressly provided by sec. 559 of the code, that the clerk shall not copy into the transcript any pleading which has been amended. It is also provided by said section that the summons and return thereto shall not be put into the record when the defendant appears. Where a default is taken, the summons or publication becomes a part of the record.

The appellants have not assigned any error upon the ruling of the court upon the motion to suppress the depositions and parts of depositions, and consequently there was no necessity for copying the motion and depositions into

the record. Besides, the clerk had no right to copy such motion unless it was embodied in a bill of exceptions. Nor have the appellants assigned any error upon the ruling of the court in continuing the cause; hence the affidavit should have been omitted. Besides, the lines are not numbered, nor does the record contain the marginal notes as required by the rules of this court. May we not entertain the hope that clerks and attorneys will take into consideration the crowded condition of the docket of this court, and the immense labor imposed upon the judges of this court, and will relieve us from reading matter that has no bearing upon the errors assigned?

The judgment is affirmed, with costs.

*J. D. Haynes,* for appellants.

*S. R. Downey* and *D. T. Downey,* for appellee.