Hatfield v. Jackson.

———————————

## HATFIELD v. JACKSON.

REAL ESTATE.—*Possession.*—*Statute of Limitations.*— *Void Sheriff's Sale.*—An action to recover possession of real estate, brought by a judgment debtor against one who holds through a purchaser at sheriff's sale, will not lie after the expiration of ten years from the date of sale, though the sale was illegal and void, because of the land having been sold without appraisement, when it should have been appraised.

From the Greene Circuit Court.  ·

*E. E. Rose* and *J. D. Alexander*, for appellant.

*A. G. Cavins* and *E. H. C. Cavins*, for appellee.

BUSKIRK, J.—This was an action to recover the possession of certain real estate. The appellee answered by the general denial.

The cause was submitted to · the court for trial upon an agreed statement of facts, who found for the appellee, and, over a motion for a new trial, rendered judgment on the finding. The material facts are : That at the July term, 1857, of the Greene Common Pleas, a judgment was rendered against the

appellant, with relief; that at such time the appellant was the owner of the land in controversy; that an execution issued upon said judgment, was levied upon said real estate, which, by virtue thereof, was sold without appraisement to the judgment plaintiff for the sum of fifteen dollars; that the appellee claims title through the purchaser at sheriff's sale; that the present action was brought more than ten years after the sale of said real estate by said sheriff; and that no direct proceeding was ever instituted to set aside said sale.

The sale was illegal, and would have been held void upon a direct proceeding within ten years from the sale, but the question which we are required to decide is, whether the sale can be attacked in this collateral proceeding after the expiration of ten years from the time of the sale. The third clause of section 211, 2 G. & H. 158, reads thus:

" For the recovery of real property sold on execution, brought by the execution debtor, his heirs, or any person claiming under him, by title acquired after the date of the judgment—within ten years after the sale."

A construction was placed upon the above clause in *Hutchens* v. *Lasley,* 11 Ind. 456. The following propositions were stated: 1. That said clause should not receive a construction as broad as its language will bear. 2. That it does not apply to a case where the sale of lands has been set aside or declared void in a suit by the purchaser to recover possession within ten years, and the suit thereupon abandoned. 3. It has reference to suits by the execution defendant, or such as claim under him, brought to avoid the sheriff's sale by attacking it collaterally, where, until such suit, it has not been judicially set aside.

In *Gray* v. *Stiver,* 24 Ind. 174, the following language was used in speaking of said clause:

" The statute does not mean that a sheriff's sale shall be beyond question after the lapse of ten years, where the possession of the execution defendant has not been disturbed during that period. Nor can it mean that, after the sheriff's sale has been declared void by judicial determination, it shall yet be

protected by the expiration of ten years from its date. The statute is one of repose; but to make such a use of it as that, would be to unsettle titles, and not to give them rest, and would defeat the object of the statute. But this case does not fall within the principle alluded to. Here nearly twenty years had elapsed after the date of the sale, and during all that time the purchaser had been in adverse possession of the premises. We speak of what the pleadings show. The statute was intended for exactly such a case, and to hold otherwise would be absolutely to nullify it. This court has held, in a case involving like principles, that the statute applies even where the court has not acquired jurisdiction over the persons of the owners of the lands sold. *Vancleave* v. *Milliken*, 13 Ind. 105; *Vail* v. *Halton*, 14 Ind. 344. Indeed, the statute would be useless, if it protected only titles which do not need protection."

In *Frantz* v. *Harrow*, 13 Ind. 507, it was held, where land was sold at sheriff's sale, though irregularly, that an action to recover it from the purchaser by the execution defendant, or any one claiming under him, was barred in ten years.

It was held in *Pillow* v. *Roberts*, 13 How. U. S. 472, in speaking of the statute of limitations, that such statutes are statutes of repose, and that it is not necessary that he who claims their protection should have a good title; that such statutes would be of little use if they protect those only who would otherwise show an indefeasible title to the land; and, hence, color of title, even under a void and worthless deed, has always been received as evidence that the person in possession claims for himself, and, of course, adversely to all the world.

It is contended by the learned counsel for appellant that as the sale in the present case is void by reason of the land being sold without appraisement, when the law required it to be sold with appraisement, it should be governed by the twenty years' statute of limitations, instead of the ten years' clause, and in support of this position they refer to *Murphy* v. *Blair*, 12 Ind. 184, and *Fletcher* v. *Holmes*, 25 Ind. 458.

The case first cited was a suit in chancery, to set aside a judgment and sale upon execution issued thereon, on the

ground of fraud, and one of the questions made was, whether the action was barred by the lapse of time; and the court held that, in cases of equitable titles in land, equity requires relief to be sought within the same period in which an ejectment would lie. But in *Potter* v. *Smith*, 36 Ind. 231, it was held that under the statute of limitations the legislature intended to fix certain and definite times within which all actions should be brought, whether they would, before the code, have been actions at law or suits in equity, and to leave nothing, in this respect, to doubt and uncertainty, the time limited depending upon the nature and purposes of each particular action. To the same effect is *Pilcher* v. *Flinn*, 30 Ind. 202. These cases conclusively settle the doctrine that the present action is governed by the third clause above quoted, and, hence, that the action could not be brought by the judgment debtor against one claiming title under the purchaser at the sheriff's sale after the expiration of ten years from such sale.

The only point decided in *Fletcher* v. *Holmes*, *supra*, which has any application to the case in judgment is, that a sale on execution, without appraisement, where the law requires an appraisement, is void. The authorities heretofore cited show that even a void sale upon execution cannot be attacked collaterally after the expiration of ten years from such sale, where the person in possession claims title through the purchaser at such sale.

We find no error in the record.

The judgment is affirmed, with costs.