## HOLESAPPLE v. FAWBUSH, GUARDIAN.

SUPREME COURT.—*Evidence.*—The Supreme Court will not reverse a judgment upon the preponderance of evidence consisting of conflicting testimony.

SAME. — *Objection to Evidence. — Bill of Exceptions.* — To present to the Supreme Court the action of the lower court in overruling an objection to a question propounded to a witness, the bill of exceptions must show that a ground of objection was pointed out to the lower court and what such ground of objection was, and also set out the answer of the witness to such question.

From the Washington Circuit Court.

*T. L. & A. B. Collins, H. Heffren* and *J. C. Lawler*, for appellant.

*S. B. Voyles*, for appellee.

DOWNEY, J.—Action by the appellee, as guardian of Sarah A. Rink, an insane person, to set aside a deed of real estate made by her to the appellant. The complaint is in two paragraphs. In the first, it is alleged that the grantor, when she executed the deed, was insane, and that no part of the consideration had been paid.

The consideration named in the deed was five hundred

dollars, and it is alleged that the land was worth two thousand dollars.

In the second paragraph, it is stated, that when the deed was made, the grantor was eighty years of age and greatly debilitated and enfeebled in body and mind, and easily influenced and controlled by the defendant; that the defendant, by his improper influence, exercised over her wrongfully and fraudulently, etc., induced and persuaded the said Sarah A. Rink to make the deed to him; that the land was worth two thousand dollars; that no part of the consideration had been paid; and that said Sarah A. Rink, at the time of making said deed, was incapable of taking care of and managing her property and estate, which was known to the defendant.

The answer was a general denial. The trial was by a jury, and there was a verdict for the plaintiff. A motion for a new trial was made by the defendant, which was overruled by the court, and final judgment rendered on the verdict.

The only alleged error is the overruling of the motion for a new trial.

Counsel for appellant rely mainly on an alleged insufficiency of the evidence to justify the verdict of the jury. This ground is ably and earnestly urged. We must, however, in this, as in other cases where the evidence is conflicting, leave the question where it was placed in the circuit court. It seems to us that the preponderance of the evidence as to the sanity of the grantor in the deed, as it appears in the record, was with the defendant. But she was very aged and infirm, the consideration, as shown by the evidence, was less than half the value of the land, and there was some evidence tending, pretty strongly, to show unsoundness of mind.

A single specific question was urged in the motion for a new trial. It is this: Dr. John McGowan was a witness, and was asked by the plaintiff this question: "Are you acquainted with the state of Mrs. Sarah A. Rink's mind in October, 1871, and if so, what was it?"

We do not find that any specific objection to this question

was pointed out, nor do we find that the question was answered. The ground of objection should have been pointed out; and if the question was answered, the answer should have been shown. It is the answer that hurts, and not the question merely. The answer to this question is not complained of in the motion for a new trial.

We find, by reference to the bill of exceptions, that Dr. McGowan gave evidence on the trial of the cause; but it does not there appear that any question was propounded to him, or that he gave evidence in answer to any question.

The judgment is affirmed, with costs.