## McGee *v.* Robbins.

NEW TRIAL.—*Practice.*—*Exclusion of Evidence.*—A motion for a new trial, based on the alleged exclusion of evidence, must clearly point out the evidence excluded; and it is not sufficient to merely refer to it therein as "the offer written in the evidence."

SAME.—*Exception.*—*Supreme Court.*—To be available as ground for a new trial, the ruling of a court, in excluding evidence offered on the trial of a cause, must be excepted to.

SAME.—*Pleading.*—*Demurrer.*—*Harmless Error.*—The ruling on a demurrer to a paragraph of answer amounting only to a general denial, which is also pleaded, is harmless.

From the Decatur Circuit Court.

*S. A. Bonner, J. L. Bracken, C. Ewing* and *J. K. Ewing,* for appellant.

*J. S. Scobey,* for appellee.

BIDDLE, C. J.—Suit, before a justice of the peace, on the following bill of particulars :

" Ralph McGee,

To Jacob J. Robbins,      ,      Dr.

" To one straw stack,    .   .   .   .   .   .      $50.00 "

McGee filed a set-off. Robbins recovered judgment, before the justice, for ten dollars. McGee appealed to the circuit court, wherein Robbins recovered judgment, over a motion for a new trial and exceptions, for twenty-two dollars and a half.

The causes filed for a new trial are as follows :

" 1.   Because the verdict is not sustained by sufficient evidence.

" 2.   Because the verdict is contrary to the law.

" 3.   Because the court erred, in refusing to allow the defendant to prove facts, in support of his answer, by Ralph McGee, a competent witness, on the stand, as shown by the offer written in the evidence in this cause."

The third alleged cause for a new trial is not sufficiently certain to present any question. What facts the court refused to allow the appellant to prove are not shown. The statement " as shown by the offer written in the evidence," is not sufficient. The assignment of causes for a new trial should be certain and specific, so as to apprise the court and the opposite party of the ground upon which the new trial is asked. The particular irregularity of the court, or prevailing party, must be designated, when either of such causes is relied on for a new trial. *Musselman* v. *Musselman,* 44 Ind. 106 ;

and the authorities therein cited; *The State, ex rel. Nave,* v. *Wilson,* 51 Ind. 96.

In examining the evidence as to its sufficiency to support the verdict, we find a question asked Ralph McGee, as a witness, which was objected to and the objection sustained, but what the ground of objection was is not stated, nor does the record show that any exception was taken to the ruling of the court; it therefore presents no question upon this point, even though it had been well assigned as a cause for a new trial.

No question can be presented for review in this court based upon an alleged error occurring at the trial, unless such ruling was excepted to at the time it was made, and assigned as a cause for a new trial. *Cobb* v. *Krutz,* 40 Ind. 323; *McKinney* v. *The Shaw and Lippincott, etc., Co.,* 51 Ind. 219; *Holesapple* v. *Fawbush,* 51 Ind. 494

The evidence fully sustains the finding.

The appellant assigns, as error, the overruling of a demurrer to the second paragraph of a reply.

This reply amounts to no more than a general denial, and the general denial having already been pleaded, the decision on the demurrer presents no available error.

It not being shown that any error of law occurred at the trial, the verdict is not contrary to law.

The judgment is affirmed, at the costs of the appellant.