No. 9818.

MILLER v. LEBANON LODGE No. 48 I. O. O. F. ET AL.

NEW TRIAL.—*Causes for.*—*Supreme Court.*—Reasons in a motion for a new trial must be definite and specific, calling the attention of the court to the particular ruling of which complaint is made; a reason in these words, " The court erred in refusing to admit legal testimony offered by the plaintiff," is too general to present any question.

FRAUDULENT CONVEYANCE.—*Corporation.*—*Trustees Benevolent Society.*—*Sale.* —*Agreement.*—*Consideration.*—Where trustees of a lodge, who had executed their notes for its debts, made a *bona fide* sale of its property to a stranger in consideration of his agreement to pay such notes, they might thereafter, as individuals, repurchase said property from such purchaser, and the mere fact that they did so, without any consideration other than their agreement to pay the notes assumed by said purchaser, did not render said sale fraudulent and void as to the creditors of said lodge.

SAME.—*Finding.*—*Evidence.*—In an action by a creditor to set aside such sale as fraudulent, the finding of the court against him can not be disturbed where there was no proof of actual fraud.

From the Boone Circuit Court.

*B. F. Davis, J. B. Julian* and *J. F. Julian,* for appellant.

*C. S. Wesner* and *R. W. Harrison,* for appellees.

BEST, C.—This action was brought by the appellant against the appellees, to set aside certain alleged fraudulent conveyances, and to subject the property to the payment of a judgment the appellant held against the lodge.

The complaint averred, substantially, that the appellant, on the 19th day of February, 1880, recovered a judgment for $486.51 against the Lebanon Lodge No. 48, I. O. O. F., in the Hamilton Circuit Court; that the lodge, at that time, did not have, nor has it since had, any property other than the second story of a brick building and the furniture therein, particularly described in the complaint; that the appellees Martin C. Kleizer, Isaac S. Adney and Thomas J. Powell were the trustees of said lodge, and as such had incurred debts on behalf of such lodge, for which they were personally liable, to the amount of $1,100; that for the purpose of cheating and defrauding the appellant out of his claim, said trustees sold and conveyed said property, which was reasonably worth $7,000, to the appellee James Nealis, "with the agreement between him and them that he would reconvey it to them as individuals;" and that afterwards said Nealis, in pursuance of said agreement, did reconvey said property to said trustees, all of which was done without any consideration; that the pretended consideration for said conveyance was the assumption by Nealis of the debts for which said trustees were individually liable, and that the reconveyance was made to said trustees without any consideration other than their agreement to pay the same debts, and that they now claim said property by virtue of said conveyances, all of which are fraudulent and void as against the appellant.

An answer in denial was filed; also a special paragraph, to which a reply was filed. The issues were tried by the court, and a finding made for the appellees. A motion for a new trial was made, overruled, and final judgment rendered upon the finding.

The appellant assigns several alleged errors, all of which

are expressly waived in his brief except the assignment that the court erred in overruling the motion for a new trial.

The reasons embraced in this motion are these: 1st. " The court erred in admitting illegal testimony, over the objections of the plaintiff, for the defendants." 2d. " The court erred in refusing to admit legal testimony offered by the plaintiff in his behalf." 3d. " The finding is contrary to law ; " and, 4th. " The finding is contrary to the evidence."

It is not insisted in the argument that the court admitted any illegal testimony, and, therefore, the first reason embraced in the motion presents no question. Under the second reason it is insisted that the court erred in refusing to admit in evidence a report made by Lebanon Lodge No. 48, I. O. O. F., to the Grand Lodge, in which the property transferred was estimated at $8,440, as the same was legitimate evidence of the value of the property at the time of its transfer.

The reason embraced in the motion was too general to call the attention of the court to this particular ruling. The particular ruling of which complaint is made must be embraced in the motion in order to render the ruling erroneous. *Musselman* v. *Musselman*, 44 Ind. 106 ; *McGee* v. *Robbins*, 58 Ind. 463.

The remaining question is, whether the finding was contrary to the evidence. In determining this question it must be borne in mind that the burthen of the issue was upon the appellant, and that the established rule of this court is not to disturb the finding of the trial court upon a question of fact where there is any evidence to support it. Under these circumstances this court can not disturb the finding unless the material averments of the complaint are supported by the undisputed evidence in the case. A material averment in this complaint is that the trustees named conveyed the property to Nealis with the agreement that he would reconvey it to them, and that this was done without any consideration. In support of this averment there was no evidence whatever. On the contrary, the evidence tended to show that the sale to

Nealis was a *bona fide* sale, made for the purpose of liquidating the debts of the lodge. It is true that the notes which Nealis agreed to pay in consideration of the conveyance were made by these trustees and two other persons, who had been formerly trustees of said lodge; but it is equally true that as between these trustees and the lodge the debts represented by the notes were the debts of the lodge. It is also true that, two months after the sale and conveyance to Nealis, he resold the property to these trustees, and that the only consideration which moved from them to him was their agreement to pay the notes which he had assumed to pay and for a part of which they were personally liable. The fact, however, that they repurchased the property under the circumstances and upon the terms stated, did not render the conveyances void, nor did it prove the agreement alleged. These sales may or may not have been made in good faith. This was a question of fact. If the sale to Nealis was made in good faith, the fact that he afterward transferred the property to the trustees will not vitiate the entire transaction. It is true, as a general rule, that a trustee can not purchase property held by him in trust; but in this case, if the sale to Nealis was *bona fide,* these trustees did not purchase trust property. As soon as the property was sold to Nealis their relation to the property ceased, and thereafter they were at liberty to purchase from him precisely as a third party could have done. *Bush* v. *Sherman,* 80 Ill. 160.

The real enquiry then is, whether the sale to Nealis was valid. If so, the conveyance to the trustees by him is equally so as against the appellant. The fact that he sold to the trustees under the circumstances and upon the terms stated is to be considered in determining whether the sale made to him was made in good faith; but, as before stated, it does not follow from this fact alone that the sale was fraudulent. This must be determined from all the evidence. The evidence tended to show that the sale was made with the consent of the lodge;

that the bid of Nealis was the best that could be obtained; that unsuccessful efforts were made to sell to others; that, after the bid was accepted and the conveyance made; the lodge surrendered its charter; that thereafter Nealis sold the property to the trustees, and the reason he gave for making the transfer was that he concluded the property was not worth what he supposed it was at the time he made the purchase; that these trustees had no actual knowledge that appellant's claim was unpaid; and that the value of the property did not largely exceed the amount of the claims assumed. With this evidence before the court, and none to impeach the good faith of Nealis' purchase other than such as may be inferred from the circumstances, it must be manifest that we can not disturb the finding of the court, and the judgment must, therefore, be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the November term, 1882.