Filed March 4, 1884.

---

No. 10,884.

LAKE ERIE AND WESTERN RAILWAY COMPANY *v.* PARKER.

PRACTICE.—*Objections to Evidence.—Supreme Court.*—Objections to evidence not stated to the court below will not be considered by the Supreme Court.

SAME.—An objection below to evidence, that it is "irrelevant, incompetent and immaterial," will not warrant the Supreme Court in considering whether or not it expressed merely the inadmissible opinion of the witness.

SAME.—*Motion for New Trial.*—A ruling admitting evidence, unless stated as a cause for a new trial, can not be questioned in the Supreme Court.

INSTRUCTIONS.—*Credibility of Witnesses.*—An instruction, that when evidence can not be reconciled the jury have the right to believe the witnesses deemed most worthy of credit, and disbelieve those least worthy of credit, and that in weighing evidence it is proper to consider the circumstances surrounding the witnesses, and from a preponderance of the evidence determine the rights of the parties, is not objectionable on behalf of the defendant, if the jury is also told that the plaintiff has the burden of the issue, and can not recover unless by a preponderance of the evidence he proves the averments of his complaint.

From the Madison Circuit Court.

*R. S. Gregory* and *A. C. Silverburg*, for appellant.

*G. H. Koons*, for appellee.

BICKNELL, C. C.—This was an action by the appellee to recover the value of a mare killed upon the appellant's road by its train of cars, where the road was not securely fenced. The appellee had a verdict for $125; judgment was rendered thereon. The only error assigned by the appellant is overruling its motion for a new trial.

There were several reasons for a new trial; the appellant, in

its brief, discusses only the sufficiency of the evidence, the admission of certain testimony of the witnesses McClellan Morgan and John Parker, and an alleged error of the court in giving to the jury, of its own motion, instruction No. 3. The appellant claims that the evidence fails to show that the mare was struck by the train. It is not necessary that this should be proved by a witness who saw it; it is sufficient if facts are shown from which the jury may reasonably infer that the animal was struck by the train. We think that in this respect there was evidence tending to support the verdict, which, therefore, can not be disturbed upon the evidence.

McClellan Morgan testified : " I was going down to the store and I waited near the crossing until the train got past; before the train reached the crossing the mare went on the railroad, and went ahead of the engine, running east, and after the engine passed me I could not see anything more of the mare until she jumped from the track on the north side of the road ; after the reflection of the headlight was off of her I saw no more of her until the next morning at about 8 o'clock; she was then lying about 150 or 200 yards from the railroad ; she appeared to be nearly dead ; she had her right hind leg broken just above the hock-joint; the bone was broken plumb off, and was hanging by a small piece of the skin ; I was on the north side of the road and saw her go off by the reflection of the headlight; the engine was about twenty feet, as near as I can tell, from the mare when she first got on the track, and it was about fifty yards, I believe, to where she went off; at the time the mare went off the track it appeared to me that the engine was right to the mare, but I think she was not struck ; I did not think so until the next morning ; I saw her run off on the north side."

Question by appellee : " Tell the jury what your best judgment is, from what you saw there, as to whether the engine struck the mare or not ? " To this question the appellant objected, because it was irrelevant and immaterial, and sought the opinion of the witness instead of the facts. The objec-

tion was overruled, and the witness answered : " My opinion is that the engine struck the mare, from what I saw." The appellant, in its brief, treats this answer as having gone to the jury, but the record shows that it was stricken out by the court on the motion of the appellant immediately.

The witness continued : " I was about fifteen feet from the mare when she passed on to the railroad ; she was going tolerably fast ; when she passed off the track there was no indication of her being crippled ; I don't think she limped, if she did I did not notice it."

Question by appellee : " You may tell the jury whether there was any other way there, anything else that could have produced that injury ; if you know of anything there except the railroad ? " The appellant objected to this question, for the reason that " it was irrelevant, incompetent and immaterial." This objection was overruled, and the witness answered : " There was nothing that I know of." The appellant's counsel, in their brief, discuss this matter as if the objection to the question in the court below had been that the question sought the opinion of the witness, but no such objection was there made. Objections, as to the admissibility of evidence, which were not made below, can not be made here. *Bruker* v. *Kelsey*, 72 Ind. 51 ; *McIlvain* v. *State, ex rel.*, 80 Ind. 69. The objection that the evidence was " incompetent " was too indefinite to present any question. *Cox* v. *Stout*, 89 Ind. 422 ; *Stanley* v. *Sutherland*, 54 Ind. 339. The question was not irrelevant or immaterial ; it was substantially this : " If you know of anything except the railroad which might have produced the injury, tell the jury what it was." The answer was : " Nothing that I know of." The same question, substantially, was put by the appellant's counsel, afterwards, in the following form : " What, if anything intervened, in the shape of obstructions, between the mare and the railroad the next morning ? " The court did not err in overruling the objection made below to this part of the testimony of McClellan Morgan.

The witness John Parker testified that he had seen the mare lying in the street the next morning at 6 o'clock, and that where the mare left the railroad there was a descent to the adjacent ground of about two feet and then a ditch twelve or fifteen inches deep and five feet wide, and he described the appearance of the broken leg.

Question by appellee: "You may tell the jury whether there was anything else there, anywhere between the fifty or about fifty yards along that railroad on the north side, between that and the place where you found this mare, that could have caused that injury?" To this the appellant objected for the reason that "it is irrelevant, incompetent and immaterial." The objection was overruled and the witness answered, "I saw nothing there that would be likely to cripple a horse." This matter also is discussed by the appellant, as if the objection had been that the question demanded the opinion of the witness; but no such objection was made below to this question. The only available, specific grounds of objection stated below were that this testimony was irrelevant and immaterial; therefore, under the authorities cited above, there is no question here as to the admissibility of opinion, and there was no error in overruling the objections, as they were made below, to this part of Parker's testimony.

Question by appellee: "State to the jury, whether from the point where this mare was knocked off the railroad, fifty yards east of the highway crossing, there where you found her, whether there was any obstruction to prevent an animal from going on three legs around to that point?" The appellant objected to this question because "it is irrelevant, incompetent and immaterial, and because it assumes a fact which has not been proven, and because it elicits the opinion of the witness instead of facts."

The court overruled the objection and permitted the question to be answered.

This action of the court is not stated among the reasons for a new trial. The only error assigned here being the over-

ruling of the motion for a new trial, we can consider only what the court below was required by the motion for a new trial to consider. An exception to a ruling upon evidence, not followed by a statement of such ruling as a cause for a new trial, presents no question here. *McGee* v. *Robbins*, 58 Ind. 463; *Cobb* v. *Krutz*, 40 Ind. 323; *McKinney* v. *Shaw, etc., Co.*, 51 Ind. 219. There was no available error in the admission of testimony.

Instruction No. 3, given by the court of its own motion, is as follows:

"You are the judges of the evidence and credibility of witnesses. It is your duty to reconcile all the statements of witnesses, so as to believe all the testimony if you can. If you can not on account of contradictions, then you have the right to believe the witnesses you deem most worthy of credit, and disbelieve those least worthy of credit. And in weighing the testimony it is proper for you to take into consideration all the surrounding circumstances of the witnesses, their interest in the result of the action, and their opportunity of proving the truth of the matter about which they testify, and from a preponderance of all the evidence, thus considered, you will determine the rights of the parties to this action, and make your verdict accordingly."

To this instruction the appellant makes three objections:

1. That the instruction tells the jury that they are to believe the witnesses most worthy of credit *generally*, and to disbelieve those least worthy of credit *generally*, "irrespective of the reasonableness of their testimony, their opportunity to know the facts," etc.

2. That the instruction tells the jury that in weighing the testimony they must take into consideration all the surrounding circumstances of the witnesses, whereas they ought to consider only the circumstances proven in the case.

3. That the court tells the jury that they must determine the rights of the parties from a preponderance of the evi-

dence, whereas it ought to have told them that if there was no preponderance there should be a finding for the defendant.

These objections are too refined to be sustained. The phrase " worthy of credit," as used in the instruction, means " worthy of credit" with reference to this case; the phrase "surrounding circumstances of the witnesses" means the circumstances surrounding the witnesses with reference to this particular case, such as those named in the instruction.

As to the third objection, it is generally true that the rights of parties are determined by a preponderance of evidence, and in this case the court, in its instruction No. 1, of its own motion, and in its instruction No. 1, given at request of defendant, expressly told the jury that the burden of proof was on the plaintiff, and that he could not recover without proving, by a preponderance of evidence, the material allegations of his complaint. We think there was nothing in instruction No. 3 by which the jury could have been misled.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court be and the same is hereby in all things affirmed, at the costs of the appellant.

