MEDLER *v.* THE STATE on the relation of DUNN.

PRACTICE.—The Supreme Court will not reverse a case because a mere preponderance of the evidence, as it appears in the record, seems to be against the judgment.

JURY—POLL OF.—The answer made by a juror when polled is a part of the proceedings of the court, and should be shown by a bill of exceptions.

NEW TRIAL.—MISCONDUCT OF JUROR.—When a new trial is asked on the ground of the misconduct of a juror, it must be shown that the party was probably injured by such misconduct.

BASTARDY.—EVIDENCE.—In a prosecution under the bastardy act, the court below refused to hear evidence as to the amount of money necessary to maintain the child.

*Held*, that this court will not interfere in such cases, unless the amount allowed is such as to show an abuse of discretion.

APPEAL from the *Hamilton* Common Pleas.

FRAZER, J.—The only question in this record is as to the sufficiency of the evidence to support the verdict. It was a bastardy case, and seeing the evidence upon paper, with no such opportunity as the judge and jury below had of determining upon the credibility of witnesses, it appears quite probable that the verdict should have been the other way. But this is not enough to justify us in reversing the

case. To one who saw the witnesses and heard them testify, there may have appeared good reason for disbelieving some of them. The evidence was contradictory, and we must therefore assume that the judge who presided and overruled a motion for a new trial acted intelligently and upon sufficient cause.

It is claimed that the jury was polled, and that a juror answered that "the verdict was not his judgment, but he only agreed to it." The record does not show this. It was, if true, a matter occurring in open court and a part of the proceedings, and should have been shown by a bill of exceptions. It appears by a sworn statement, in a written motion for a new trial, that "when a juror was polled" he made the answer already stated, as the defendant "is informed and believes." Probably the motion was overruled because the presiding judge knew the fact to be different. ·

Misconduct of the jury, too generally and indefinitely stated to be available, also appears in the same way, by the motion for a new trial. It is thus alleged: 4. "Because one or two of the jury, without leave of the court, read and commented upon a part of the charges of the court, and a part of the jury was thus misled and deceived. 5. Because a part of the jury conversed with persons outside of the court, during an adjournment, and while the case was pending." How misled? How deceived? To whose prejudice? Did the improper conversations influence the jury against the defendant? Such a showing · ought to have been made as would have enabled the court to judge whether this conduct was detrimental to the interests of the party complaining of it.

An instruction to the jury is complained of, but it was not made part of the bill of exceptions, nor was it, or the defendant's exception to it, otherwise made part of the record in the manner required by the statute. The instruction was not signed by the judge, nor was the exception on the margin signed by the defendant or his counsel. 2 G. & H. 200, 201. We cannot, therefore, examine the instruction.

The judge refused to hear evidence as to the amount of money necessary to maintain the child, and rendered judgment without any evidence upon that subject. We cannot say that this was error. The practice has been in this State, immemorially, for the judge below to hear evidence or not, as he deemed necessary. Where the amount of the judgment is not such as to show an abuse of discretion, this court ought not to interfere in such cases upon that ground.

The judgment is affirmed, with costs.

*Voss* and *Kane,* for appellant.