McIlvain v. The State, *ex rel.* Emery.

------◆------

No. 8559.

McIlvain *v.* The State, ex rel. Emery.

Supreme Court.—*Instructions.*—*Record.*—The Supreme Court will not say there was error in refusing to give correct instructions to the jury, unless the record shows affirmatively that they were not embraced in the instructions which were given.

McIlvain *v.* The State, *ex rel.* Emery.

PRACTICE.—*Interrogatories.*—*Verdict.*—It is not proper to require the jury to answer interrogatories, except on condition that they find a general verdict.

BASTARDY.—*Evidence.*—In a prosecution for bastardy, it is competent for the State to prove that the defendant, upon being informed of the pregnancy of the relatrix, procured for her medicine to cause an abortion.

SAME.—*Witness.*—*Impeachment.*—It is not error to refuse to permit a witness to be questioned, on cross-examination, as to a statement made by a witness inconsistent with his evidence in chief, unless the time and place of the statement be given.

PRACTICE.—*Evidence.*—*Record.*—*Supreme Court.*—No question can be made in the Supreme Court upon the refusal of a motion to strike out evidence, unless the record show the reasons assigned below for the motion.

SAME.—*Admission of Evidence.*—The admission of evidence over objection is not available error, unless the record show the ground given below in support of the objection, and no other reason will be examined by the Supreme Court.

SAME.—*Immaterial Evidence.*—Where a question *seems,* in view of the evidence already in, to call for immaterial evidence, and no statement of its purpose is made, there is no error in refusing it.

NEW TRIAL.—*Bastardy.*—*Amount of Judgment.*—That the amount adjudged to be paid by the defendant in bastardy is excessive, is no reason for a new trial.

From the Marion Circuit Court.

*F. M. Wright* and *W. H. Martz,* for appellant.

*W. W. Woollen,* for appellee.

NIBLACK, J.—On the 18th day of October, 1879, Phœbe A. Emery, an unmarried woman, filed a complaint before a justice of the peace of Marion county alleging that she was pregnant with a bastard child, and charging that Charles F. McIlvain was the father of such child. McIlvain was arrested upon the charge thus made against him and taken before the justice. Upon a hearing the justice required him to appear in the circuit court to further answer the complaint of the relatrix. In the circuit court a jury returned a verdict finding that the relatrix was pregnant with a bastard child and that McIlvain was the father of such child. McIlvain moved for a new trial, assigning a great number of causes, but his motion was overruled. The court thereupon adjudged McIlvain to

be the father of such child, and that he should stand charged with the maintenance and education thereof, ordering him to pay to the relatrix for such maintenance and education the .sum of $750 in certain specified annual payments, and that he stand committed until said sum of money should be either paid or replevied.

McIlvain has appealed, and assigned error upon the overruling of his motion for a new trial.

The court refused to give two instructions asked for by the appellant, and that was assigned as one of the causes for a new trial, and is urged here as a reason for a reversal of the judgment.

The record informs us, that, after the argument was concluded, instructions were given by the court to the jury, but the instructions given by the court are not in the record.

It may have been that the instructions which were given, covered all the matters embraced in the instructions asked for by the appellant, and that it was for that reason the court refused to give the last named instructions. If so, there was no error in refusing to give the instructions prayed for by the appellant, however correct they may have been as abstract propositions of law.

At all events, without the instructions given by the court before us, we are not authorized to hold that the instructions not given were erroneously refused. *Myers* v. *Murphy*, 60 Ind. 282 ; *Coryell* v. *Stone*, 62 Ind. 307 ; *Smith* v. *Kyler*, 74 Ind. 575.

At the conclusion of the argument, and before the jury retired, the appellant asked the court to submit certain interrogatories to the jury to be answered by them ; but the court refused to submit such interrogatories to the jury, and this was also assigned as a cause for a new trial. The motion of appellant was that the court should require the jury to answer the interrogatories absolutely, and not conditionally upon the event of their return of a general verdict.

There was no error in refusing to submit such unconditional

interrogatories to the jury.   *Todd* v. *Fenton,* 66 Ind. 25 ; 2
R. S. 1876, p. 171, section 336.

The relatrix was permitted to testify that after she had be-
come pregnant, and after her condition had become known to
the appellant, he had procured medicines for her for the pur-
pose of producing an abortion, and that was likewise assigned
as a cause for a new trial.

It is earnestly contended that this testimony of the relatrix
was immaterial to the real issue in the cause, and calculated
only to prejudice the jury against the appellant ; that conse-
quently its admission was erroneous.

The procurement of medicines for the purpose stated was
a circumstance proper to go to the jury, as tending to show
the existence of confidential· relations between the appellant
and the relatrix, and as indicating an unusual interest on the
part of the appellant in the unfortunate condition of the re-
latrix resulting from her pregnancy, and to be considered by
them in connection with the other evidence adduced at the trial.
Besides, the conduct of a party, when accused of an offence,
is a legitimate subject of inquiry in a prosecution for the al-
leged commission of the offence.

On cross examination the relatrix was asked if she did not
say to Mrs. Sallie McIlvain that she had requested the appel-
lant to furnish her medicine and that he would not do so.   This
question was objected to, and the objection was sustained.

The attention of the relatrix was not directed to any time
and place by this question, and hence there was no error in
not permitting it to be answered.   *Hill* v. *Gust,* 55 Ind. 45 ;
1 Greenl. Ev., section 462 ; *Lawler* v. *McPheeters,* 73 Ind.
577 ; *Johnson* v. *Wiley,* 74 Ind. 233.

One David A. Emery testified as a witness on behalf of the
relatrix, and after his testimony was concluded the appellant
moved to strike out some of the matters testified to by him, but
his motion was overruled.   The ground upon which this mo-
tion was based is not stated in the record, and in consequence
no question upon that motion is presented here.   *Betson* v.

McIlvain *v.* The State, *ex rel.* Emery.

*The State,* 47 Ind. 54; *Smith* v. *Worland,* 50 Ind. 360; *Holesapple* v. *Fawbush,* 51 Ind. 494.

The relatrix further testified, that, after her condition of pregnancy had become known to the appellant, he brought a paper to her which he asked her to sign. She was then asked what was in that paper.

To that question the appellant objected, without stating the ground of his objection, and his objection was overruled.

The relatrix answered that the appellant wanted her to sign a paper that he was not the father of the child.

The ground of the appellant's objection not being stated, he has no reason to complain here that his objection was not sustained.

The appellant was, at all events, not injured by the answer of the relatrix, as it did not purport to give either the contents or character of the particular paper to which the question related.

What purported to be a copy of an agreement for the settlement concerning the maintenance and education of the unborn child to be signed by the relatrix and a promissory note payable to the relatrix and purporting to be signed by the appellant, for $200, both of which the relatrix identified as papers given to her by the appellant, were then offered and read in evidence on behalf of the State.

The appellant argues here that those papers were but secondary evidence, and that no proper foundation was laid for their introduction in evidence.

The objection that no proper foundation had been laid for the introduction of those papers seems not to have been made in the court below, and hence can not be made available here.

The appellant testified as a witness at the trial, and while so testifying he was asked to state whether he had any knowledge of the fact that the relatrix was going to institute proceedings in bastardy against him before this suit was commenced. The relatrix objected to that question, and her objection was sustained.

No statement was made to the court as to the purpose for which that question was proposed, and it appears to us to have been, *prima facie*, an immaterial question.

One of the causes assigned for a new trial was, that the amount which the court required the appellant to pay the relatrix for the maintenance and education of her child was excessive, and the appellant argues with great earnestness, that a new trial ought to have been granted for that cause, if for no other.

In the first place, no exception was taken to the decision of the court fixing the amount to be paid by the appellant to the relatrix, and hence no question was reserved upon that decision. In the next place the fixing of the amount to be so paid was not a matter occurring at the trial, but a part of the proceedings and judgment of the court, after the trial had been concluded, and a verdict returned by the jury. However excessive, therefore, the amount required to be paid may have been, the decision fixing the amount afforded no cause for a new trial.

What we have said practically disposes of all questions discussed by counsel, and no sufficient reason has been shown for a reversal of the judgment.

The judgment is affirmed, with costs.