Filed June 16, 1885.

---

No. 11,414.

## Scott v. The State, ex rel. Dale.

102 277
156 200

BASTARDY.—*Rulings after Finding.—New Trial.—Practice.*—In a bastardy case the trial proper ends with the finding that the defendant is the father of the child, and no question will be raised upon a ruling in the proceedings subsequent to such finding by assigning such ruling as a cause for a new trial.

SAME.—*Evidence.—Waiver.*—A failure to object to the judgment or to move for its modification is a waiver of any supposed error of the trial court in refusing to hear evidence, offered after the finding, as to the defendant's financial condition.

SAME.—*Financial Condition of Defendant.—Excessive Judgment.*—The fact that the defendant in a bastardy proceeding has no property, and no means of obtaining money except by his labor, will not justify the reversal of a judgment of five hundred dollars, payable in instalments, for the support of the child.

From the Wabash Circuit Court.

*M. H. Kidd* and *N. G. Hunter*, for appellant.

*J. D. Conner* and *J. D. Conner, Jr.*, for appellee.

ZOLLARS, J.—The finding and judgment of the court below are, that appellant is the father of a bastard child, and shall

pay five hundred dollars for its support and maintenance, of which amount fifty dollars shall be paid at once, and the balance in yearly instalments of seventy-five dollars.

. After the announcement of the finding that appellant is the father of the child, he offered to prove that he had no property of any kind, and had no means of obtaining any money except by his labor. The court refused to hear this offered evidence, and rendered the above judgment. To this refusal appellant excepted. He assigned this refusal as one of the causes for a new trial, but he neither objected to the judgment nor moved for its modification. It has been held, and correctly held, that in a case like this the trial proper ends with the finding that the defendant is the father of the child, and that hence no question will be raised upon a ruling in the proceedings subsequent to such finding by assigning such ruling as a cause for a new trial. *McIlwain* v. *State, ex rel.*, 80 Ind. 69.

In such a proceeding the question and practice as to the amount of the judgment are analogous to the proceedings in partition, in which it has been held that the question of the divisibility of the property is not a question so connected with the trial proper as that rulings upon it will be raised by a motion for a new trial. *Buchanan* v. *Berkshire L. Ins. Co.*, 96 Ind. 510; *Hannah* v. *Dorrell*, 73 Ind. 465; *Thompson* v. *Davis*, 29 Ind. 264.

If there were error here as to the amount of the judgment, and that question was properly preserved and presented for review, it would not result in a reversal of the entire judgment, but simply in a remanding of the case, with instructions to hear the evidence and render the proper judgment. But the question is not presented by the record.

As we have said, there was a failure to object to the judgment or move for its modification. This failure must be regarded as a waiver of any supposed error of the trial court in refusing to hear the offered evidence.

Without extending this opinion to give the reasons, we may

state in passing that the amount of the judgment is not such as would justify a reversal, were it conceded that appellant has no property and no means of obtaining money except by his labor.

The judgment is affirmed, with costs.

Filed June 16, 1885.