Goodwine v. The State, ex rel. Dove.

Filed June 7, 1892.

---

No. 555.

GOODWINE v. THE STATE, EX REL. DOVE.

BASTARDY.—*Instruction to Jury.— Consideration of the Fact of the Birth of the Illegitimate Child.*—In a proceeding in bastardy it is not error to refuse to instruct the jury that they are not to consider the fact, about which there was no dispute, that a bastard child was born to the relatrix, in determining who is the father of the child. The consideration of this fact can not be excluded from the jury, although it may have been admitted as true without the introduction of evidence. While it does not of itself prove the paternity of the child, it is a necessary link in the evidence required to that end.

SAME.—*Evidence of Intercourse With Another.— Competent for What Purpose.*— In such a proceeding, evidence of the intimate relationship and association of the relatrix with a man other than the defendant, is only competent for the purpose of proving that about the time the child was begotten, the relatrix had intercourse with such man and that the child was begotten by such intercourse.

SAME.—*Instruction to Jury.—Intercourse With Another.*—An instruction in a proceeding in bastardy was proper which informed the jury, that if they found from the evidence that the relatrix had intercourse with a man other than the defendant about the time the child was begotten, it did not necessarily follow that their finding should be for the defendant, but it was a circumstance to be considered in determining the question as to whether, or not, the defendant was the father of the child.

SAME.—*Instruction to Jury.— Uncertainty as to Paternity of Child.*—An instruction was also proper that if the jury were satisfied that about the time the child was begotten the relatrix had intercourse with both the defendant and another man and were unable to determine which was the father of the child, then their finding must be for the defendant.

SAME.—*Instruction to Jury.—Opportunities for Intercourse.*—It was proper to

Goodwine *v.* The State, *ex rel.* Dove.

instruct the jury in such a proceeding, that in determining the question whether or not the defendant and relatrix had sexual intercourse they might consider their opportunities for so doing.

SAME.—*Instruction to Jury.*—*Criminal Intimacy With Another.*—An instruction to the jury that they should not consider evidence of criminal intimacy between the relatrix and some one other than the defendant prior and subsequent to specified dates, can not be complained of by the defendant, when there was no attempt made to prove such facts as those the jury were directed not to consider.

SAME.—*Amount of Maintenance.*—*Duty of Court Concerning.*—In a bastardy proceeding it is the duty of the court to place the amount of the maintenance and support at a reasonable figure, taking into consideration the standing of the parties. Where the amount awarded was $800, and there is nothing to show that the court abused its discretion in the premises, its action will not be disturbed because the amount is more than is usually awarded in such cases.

INSTRUCTIONS TO JURY.— *When Province of Jury Not Invaded.*—*Assumption as to Known Facts.*—It is proper to inform the jury that in weighing the testimony of witnesses they have a right to consider the interest the witnesses have in the verdict, their candor and fairness, their manner and bearing while testifying, etc. Such an instruction does not invade the province of the jury to tell them what they have a right to consider. The court has the right to assume in an instruction that there are certain known facts, although it may not have the right to tell the jury what those known facts are.

SAME.—*Must be Correct in Form.*—A party requesting an instruction must present it in the form in which it is to be given, and unless it is accurate, as framed, there is no error in refusing it.

From the Fountain Circuit Court.

*C. V. McAdams,* for appellant.

*W. P. Rhodes* and *W. L. Rabourn,* for appellee.

REINHARD, C. J.—This is a proceeding in bastardy. The cause was tried by a jury and the appellant was adjudged the father of the relatrix' child. The court ordered him to pay $800 for its maintenance and support. He appealed to the Supreme Court and that tribunal ordered the cause transferred here, adjudging that the same is within our jurisdiction. We will notice the alleged errors in the order followed in the brief of appellant's counsel.

The appellant requested the court to give the jury the following instruction :  " 2.  In determining the fact as to who is the father of the child in question it is not proper for you to consider, as bearing upon that question, the fact that a child has been born to the relatrix and that it is a bastard.   That is a fact that there is no dispute about, and the sole question is as to whether or not the defendant is the father of the child, and the fact that such a child has been born does not tend to prove that the defendant is the father of the child."

The instruction was refused, and counsel insist that this was error for which the judgment should be reversed.

No error was committed in the refusal to give this charge.  That a bastard child had been born to the relatrix was a fact necessary for the State to prove.  The consideration of this fact can not be excluded from the jury, though it may have been admitted as true without the introduction of evidence.  It was the first step necessary to establish before the appellant could be adjudged the father of the child.  While of itself it does not prove the paternity, it is a necessary link in the evidence required to that end.  It is, therefore, not accurate to say that the jury have not the right to consider this fact, even in the determination of the question of the child's paternity.  It is not the duty of the court to give an instruction requested, unless the same is correct in the form in which it is asked.  The court is not bound to modify such instruction and make it accurate and then give it. The party requesting the instruction must present it in the form in which it is to be given, and unless it is accurate, as framed, there is no error in refusing to give it. *Over* v. *Schiffling,* 102 Ind. 191 ; *Ricketts* v. *Harvey,* 106 Ind. 564.

The appellant assails the fourth, sixth and seventh instructions given by the court.   They are as follows :

" 4. Evidence has been permitted to go to you of the relatrix' association with one Jerry O'Brien. The purpose of evidence of this character is to prove that at about the time the child in question was begotten the relatrix had intercourse with said O'Brien and that the child was begotten by such intercourse, and it is competent only for this purpose. It is your province alone to determine the weight of evidence and it is for you to say whether or not the evidence on this point is sufficient to establish the fact that such intercourse did take place between the relatrix and O'Brien."

" 6. If you should be satisfied from the evidence that the relatrix did have intercourse with O'Brien about the time the child in question was begotten it does not necessarily follow that your finding shall be for the defendant, but it is a circumstance you should consider in determining the question as to whether or not the defendant is the father of the child."

" 7. The State must show, by a preponderance of the evidence, that the defendant is the father of the child, and if you should find from the evidence that about the time the child was begotten both the defendant and O'Brien had intercourse with the relatrix and that you are unable to tell which of them is the father of the child, then you must find for the defendant."

The counsel for appellant criticise these instructions as presenting an erroneous view of the law. They argue that the rule laid down in the fourth instruction, that the evidence of association with O'Brien was admitted only for the purpose of proving intercourse with him and that the child was begotten by him instead of the appellant, is contrary to law. They also insist that proof of intercourse with O'Brien is more than a circumstance for the consideration of the jury upon the question of the paternity of the child.

We confess our inability to see the force of the objec-

tions urged against these instructions. It is true the
question whether or not O'Brien is the father of the re-
latrix' child is not an issue in this cause. It may also be
true that proof of sexual intercourse with another about
the time of conception would tend to throw doubt upon
the credibility of the relatrix' testimony. *O'Brian* v.
*State, ex rel.,* 14 Ind. 469. But after all the only purpose of
proof of intimate relationship and association with O'Brien
must be to show criminal connection, for certainly it
could not be maintained that proof of mere intimacy be-
tween the relatrix and another, without sexual inter-
course, tended to impeach her as a witness. Whatever
may be the ultimate object of the testimony, the mere acts
of association between the relatrix and other men prove
nothing unless they tend to establish criminal connection
other than that to which the relatrix attributes the con-
ception and pregnancy, and that the child was begotten
at a time and by one other than as claimed by her. If the
appellant desired to have the jury instructed further as to
the purpose of admitting evidence of coition with an-
other, at or about the time of the alleged conception, his
counsel should have prepared and submitted an instruc-
tion upon that subject with a request that it be given to
the jury.

Nor can we agree with appellant's counsel that the
sixth instruction is objectionable. To call the fact of
criminal intercourse with another than the defendant a
" circumstance " can in no manner be prejudicial to the
rights of the defendant. The words " fact " and " cir-
cumstance " are often used interchangeably. The shade
of difference in the meaning of the words must be shown
to be prejudicial to the defendant before he can be held
to be injured by the improper employment of the one for
the other. To say that the jury should consider the car-
nal connection between the relatrix and O'Brien as a cir-
cumstance in the case can not, in our view, be less accu-

rate than to tell them to consider it as a fact. In either case, the important thing is, that the jury should give it whatever weight or consideration it may be entitled to, which is, of course, for them alone to determine. We agree with the court that it does not necessarily follow that the jury must find for the defendant, even if they were satisfied that the relatrix had intercourse with O'Brien about the time the child was begotten, although, in our opinion, it would have been better to leave the entire question as to the force and effect of such testimony to the jury. There is no doubt, however, that there are or may be circumstances enabling a female to determine to which of two or more connections her conception is due. *Kintner* v. *State, ex rel.,* 45 Ind. 175. There was, therefore, no technical inaccuracy in the statement of the court, and as the jury were also told that they were the exclusive judges of the weight and effect of the evidence no harm could have resulted from the instruction, and we can not say, upon the whole, that the province of the jury was invaded by it.

The seventh instruction properly informs the jury, we think, if they find that about the time conception took place both the defendant and O'Brien had carnal knowledge of the relatrix and they are unable to decide which of them is the father of the child, they should find for the defendant. *Whitman* v. *State, ex rel.,* 34 Ind. 360; *Kintner* v. *State, ex rel., supra.*

The eighth instruction is criticised. It informs the jury that in determining the question whether or not the defendant and relatrix had sexual intercourse, etc., they might consider their opportunities for so doing, etc. There was no error in this. It is always proper to show the familiarity existing between the parties, not for the purpose of deducing therefrom the *necessary* inference that carnal intercourse took place, but that it was more probable that it might have occurred than if no such op-

portunities had existed.  *Marks* v. *State, ex rel.,* 101 Ind. 353.

Objection is also made to the ninth instruction, which is as follows:

" 9. You are the sole judges of the evidence in the case. It is your sole duty to determine the weight and credibility of the testimony, and in weighing the testimony of the witnesses you have a right to consider the interest the witnesses have in the verdict, their candor and fairness, their manner and bearing while testifying before you, the reasonableness of their story, the means and opportunity of knowing the facts about which they testify, the consistency of their testimony with other known facts in the case and any other matter that tends to impress your minds with the truth or untruth of their testimony. If there is a conflict in the testimony of witnesses it is your duty to say where the truth lies. You are not bound to accept as true the statements of witnesses when they are unreasonably inconsistent with each other or with known facts in the case. You are not, however, to reject the testimony of a witness without reason."

The objections the appellant's counsel urge to this instruction are not tenable. It does not invade the province of the jury to tell them what they have a right to consider. The jury are here admonished that they may consider these things in determining the weight of the evidence, and this is right. The argument that the court has no right to assume that there are certain known facts in the case is likewise fallacious. That there were in this as there are in every case certain "known facts" needs no argument to establish. Besides, if no such facts existed in the present case it is difficult to understand how this portion of the instruction, which was a sort of generalization as to the rule in such cases, could have

harmed the appellant. It might be otherwise, had the court told the jury what those " known facts " were.

The jury were further informed that they should not consider evidence of criminal intimacy between the relatrix and some one other than the appellant prior to May 1, 1890, and after June 15, 1890. Of this the appellant complains. As there was no attempt to prove any such facts as those the jury were directed not to consider, the error, if any, is harmless. It is further insisted that the appellant's motion to modify the judgment should have prevailed. The amount awarded for the maintenance of the child was $800. It is not shown that this was excessive. The court has the right, indeed it is its duty, to place the amount of the maintenance and support at a reasonable figure, taking into consideration the standing of the parties. That this discretion was abused in the present case there is nothing to show. No evidence seems to have been introduced bearing especially upon the subject of the amount of the judgment. We must presume that the court acted according to its best information from the facts proved upon the trial and from all the circumstances surrounding the case. The mere fact that $800 is more than is usually awarded in such cases, if this were true, would not change matters. Every case must be determined upon its own peculiar merits and demerits.

We have thus noticed all the questions properly presented and find no reversible error.

Judgment affirmed.

Filed June 7, 1892.