STATE, EX REL. RICHESON, *v.* RICHESON.

[No. 5,626.   Filed October 26, 1905.]

1. BASTARDY.—*Subsequent Marriage of Parties.—Legal Result.—* Where relatrix in a bastardy case and defendant marry, such bastardy case permanently abates.   p. 375.

2. MARRIAGE. — *Fraudulent. — Statutes.* — Under §7298a Burns 1901, Acts 1895, p. 167, §1, a male person, guilty of bastardy or seduction, who marries the female concerned and who, without just cause, deserts her or mistreats her within two years, is liable to a penalty in her favor in a sum not less than $200. p. 375.

3. SAME.—*Fraudulent.—Evidence.*—Where defendant, in a prosecution for a fraudulent marriage, marries the relatrix—a child of fourteen—assuring her that he would live with her and take care of her and their child, and at the end of two weeks, without cause, deserts her, leaving her without support, he is guilty of a fraudulent marriage.   p. 376.

4. NEW TRIAL.—*Grounds.—Statutes.*—Under §568 Burns 1901, §559 R. S. 1881, eight reasons are given for a new trial, and unless the complaining party specifies one of such, his motion therefor must be overruled.   p. 377.

5. SAME.—*"Contrary to the Evidence."*—A motion for a new trial because the decision is "contrary to the evidence," presents no question.   p. 378.

6. SAME.—*"Contrary to Law."—Surplusage.*—A motion for a new trial because the decision is "contrary to law in this: that the amount of recovery is too small," presents no question as to the amount of recovery, the clause, "in this: that the amount of recovery is too small," being regarded as surplusage.   p. 378.

7. SAME.—*Recovery too Small.—Fraudulent Marriage.*—A motion for a new trial in a fraudulent marriage prosecution because the amount of recovery was too small, presents no question, such reason being applicable only in contract actions or for injury to property or detention thereof.   p. 378.

8. SAME.—*Fraudulent Marriage.*—A motion for a new trial because (1) "the decision is contrary to the evidence in this: that the amount assessed is too small;" (2) "the decision of the court in fixing the amount of damages is too small;" (3) "the court abused its discretion in its decision in this, to wit: in making the amount of recovery assessed too small" should be overruled, being without the statute (§568 Burns 1901, §559 R. S. 1881).   p. 378.

9. MARRIAGE.—*Fraudulent.—Right to Fix Penalty.—Statutes.*— The practice in cases of fraudulent marriage being fixed by statute (§7298d Burns 1901, Acts 1895, p. 167, §4) to conform as nearly as possible to cases of bastardy, and by §1004 Burns 1901, §992 R. S. 1881, the court is given the exclusive right to assess damages in bastardy cases, it is the duty of the trial judge to assess the damages in cases of fraudulent marriages. p. 378.

10. NEW TRIAL.—*Fraudulent Marriage.—Bastardy.—Damages.*— As in cases of bastardy, a motion for a new trial does not raise the question of the amount of damages assessed in a fraudulent marriage case.    p. 379.

11. TRIAL.—*Fraudulent Marriage.—Damages.—Amount.—Motion to Modify.—How Questioned.*—The amount of the damages in a case of fraudulent marriage can be questioned only by an exception to the judgment rendered or a motion to modify same. p. 380.

12. MARRIAGE. — *Fraudulent. — Damages.—Amount.*—Where defendant married the mother—fourteen years old—of his bastard child, agreeing to live with her and take care of her and their child, but deserted her at the end of two weeks providing no support, a judgment for $200 is inadequate.    p. 380.

13. SAME.—*Fraudulent.—Findings.—Judgment.—Discrepancy.— Appeal and Error.*—Where the record in a fraudulent marriage case shows a finding for $250 and a judgment for only $200, the Appellate Court will, without any motion therefor, reverse the judgment below and order judgment on such finding.    p. 380.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Action by the State of Indiana, on the relation of Frances E. Richeson, against Logan Richeson. From a judgment for less than the demand, plaintiff appeals. *Reversed.*

*Slinkard & Slinkard,* for appellant.
*Cavins & Henderson,* for appellee.

WILEY, C. J.—This was an action to recover the penalty provided for a fraudulent marriage under the act of 1895 (Acts 1895, p. 167, §1, §7298a Burns 1901). This section reads as follows: "That any male person, who being at the time under or liable to a prosecution, either civil or criminal, for seduction or bastardy, fraudulently enters

into a marriage with the female who has been seduced or who is the mother of the bastard child, with the intention thereby to escape or avoid such prosecution or the consequences thereof, and who within two years after such marriage, without just cause, shall abandon his wife, or who shall, within such time, cruelly and inhumanly mistreat such wife, or fail and neglect to make reasonable provision for her support, shall be liable to an action for the recovery of a penalty which shall in no case be less than $200. Section two of that act (§7298b Burns 1901) provides that such action shall be instituted in the name of the State, on the relation of the wife. By section four of the act (§7298d Burns 1901) it is provided that the action may be commenced either before a justice of the peace or in the circuit court, and that the practice in such cases as to the execution of the bond, commitment upon failure to give bond, trial, judgment, etc., "and as to all other matters, shall be governed by the laws now in force governing prosecutions for bastardy."

Prior to the enactment of the statute under consideration, as now, if a putative father of an illegitimate child should marry its mother, it absolved him from

1. liability in a prosecution for bastardy. If after such marriage he abandoned her, there was no remedy, but a double wrong without redress. In such case the marriage and subsequent abandonment did not right the original wrong, but added injury to disgrace, and the unfortunate woman was left remediless. It was to remedy this evil and create a new liability that prompted the enactment of this statute.

Now, a man who has seduced an innocent woman, and begotten her with an illegitimate child, while he may avoid a prosecution for bastardy or for criminal seduc-

2. tion by marrying his victim, yet if he does this and then abandons her without cause, within the

statutory limit, the law steps in and says he must respond in damages, which shall accrue to the use and benefit of the wronged woman and unfortunate offspring of his lust. Thus, in such cases, the legislature has said in legal contemplation that the man who is guilty of these wrongs can not avoid Scylla without falling into Charybdis.

Here, the relatrix at the time of her seduction was but fourteen years of age—a mere child. She was begotten with an illegitimate child, and the appellee turned 3. his back upon her. She appealed to the law for the only remedy she had, and in the name of the State prosecuted him for bastardy. Pending this prosecution he sought escape from its consequences by asking her to marry him. When she expressed doubt as to whether he would live with her and take care of her and her child he assured her that he would. She yielded to his entreaties and they were married. He lived with her for two weeks, and then, without cause, abandoned her and her child, and has never lived with them since, and has in no manner provided for their support. It is clearly manifest from all the facts and circumstances surrounding this case that he fraudulently induced her to marry him to avoid the prosecution for bastardy, and that he did not intend to live with her and support her and her child. The facts present a deplorable condition of moral obliquity on the part of the appellee. For all this wrong which he has committed against her there can be no adequate atonement in dollars and cents. There is no legal measure by which the extent of her wrongs can be determined. The scales of justice can not weigh her heartaches and sufferings, and there is no panacea that can alleviate her shame. The law has gone only so far as to provide an indemnity for the benefit of the wronged mother and wife and the unfortunate child.

The only question which counsel for appellant have discussed is that the award of damages as fixed by the court was erroneous in that it was too small. If the judgment is reviewable on appeal on account of the smallness of the amount of recovery, it must be because the question is properly presented by the motion for a new trial. The causes for which a new trial may be granted are specifically defined by statute, and unless the party aggrieved brings himself within the statute, he is without remedy. The statute specifies eight reasons for which a new trial may be granted upon proper application by the party applying therefor. §568 Burns 1901, §559 R. S. 1881. The fifth subdivision of that section provides that a new trial may be granted on account of "error in the assessment of the amount of recovery, whether too large or too small, where the action is upon a contract or for the injury or detention of property." Under the sixth subdivision of that section, a new trial may be awarded on the ground that the verdict or decision is not sustained by sufficient evidence, or is contrary to law. Of the eight reasons for which a new trial may be granted under the statute, the two just specified are the only ones which have any application here.

In appellant's motion for a new trial six reasons are assigned: "(1) The decision of the court is contrary to the evidence in this: that the amount of recovery is too small. (2) The decision of the court is contrary to law in this: that the amount of recovery is too small. (3) The decision of the court is erroneous, and there is an error in the assessment of the amount of the recovery, in this: that the amount of recovery assessed is too small. (4) The decision is contrary to the evidence in this: that the amount assessed is too small. (5) That the decision of the court in fixing the amount of damages is too

small. (6) The court abused its discretion in its decision in this, to wit: in making the amount of recovery assessed too small."

To assign as a reason in a motion for a new trial that "The decision of the court is contrary to the evidence," is not recognized by the statute, and hence presents no question for review. *Louisville, etc., R. Co.* v. *Renicker* (1893), 8 Ind. App. 404; *Allen* v. *Indianapolis Oil Co.* (1901), 27 Ind. App. 158; *Hubbs* v. *State, ex rel.* (1898), 20 Ind. App. 181.

In the second reason for a new trial appellant has stated a statutory ground therefor, in that the "decision of the court is contrary to law." The latter clause, "in this: that the amount of recovery is too small," may be regarded as surplusage. This reason, however, does not raise the question of the amount of recovery. It is not contended that the decision was improperly affected by errors of law occurring at the trial.

The third reason assigned for a new trial, which appears above, comes within the fifth clause of §568, *supra;* but that clause only applies where the action is upon a contract, or for the injury or detention of property. This is not such an action, and hence the reason assigned does not bring before us the amount of the recovery.

The fourth, fifth and six reasons assigned for a new trial are unknown to the statute, and must be disregarded.

The statute under which this proceeding is prosecuted, as we have previously seen, provides that the practice in actions thereunder as to certain specified things, and generally, in regard to all other matters, shall be governed by the laws governing prosecutions for bastardy. By §1004 Burns 1901, §992 R. S. 1881, the right to fix the amount which a defendant in a bastardy prosecution ought to pay is lodged with the court, and not

with the jury. This provision, so far as practicable, must control in prosecutions under the statute involved, and it is the duty of the court to fix the amount of the recovery, though the trial is had by jury. *Latshaw* v. *State, ex rel.* (1901), 156 Ind. 194. The statute in a proceeding of this character does not specify how or by whom the amount of the recovery shall be determined, but, under the authority just cited, that becomes the sole province of the trial court.

In the case of *McIlvain* v. *State, ex rel.* (1881), 80 Ind. 69—a bastardy proceeding—one of the causes assigned for a new trial was that the amount which the court required the appellant to pay the relatrix for the support and maintenance of her child was excessive. In discussing the question the court said: "In the first place, no exception was taken to the decision of the court fixing the amount to be paid by the appellant to the relatrix, and hence no question was reserved upon that decision. In the next place the fixing of the amount to be so paid was not a matter occurring at the trial, but a part of the proceedings and judgment of the court, after the trial had been concluded. * * * However excessive, therefore, the amount required to be paid may have been, the decision fixing the amount afforded no cause for a new trial." To the same effect are the following cases: *Scott* v. *State, ex rel.* (1885), 102 Ind. 277; *Hamilton* v. *State, ex rel.* (1889), 117 Ind. 348. In the latter case it was held that the action of the court fixing the amount to be paid by the defendant in a bastardy prosecution is not a matter occurring at the trial, but a part of the judgment and proceedings of the court after the trial has been concluded, and the question as to the damages being excessive can not be raised by a motion for a new trial. By the same reasoning, it must be held that in such case the question of the smallness of damages assessed can not be raised by a motion for a new trial.

In this case trial was had and a finding for appellant made December 10, 1904. On the 22d day of December following, judgment was entered fixing the amount to be paid by appellee, and directing that it should be paid in instalments, and fixing the time of such payments. No exception was taken to the judgment, and no motion made to modify it. Under the authorities cited, we are reluctantly driven to the conclusion that the question as to the amount of the recovery is not properly presented for review.

This condition of the record is, · to our minds, regrettable, for under the facts and circumstances presented here, as disclosed by the record, the amount of the recovery as fixed by the trial court is wholly inadequate. The relatrix is in the early bloom of young womanhood. Her life has been clouded by the double wrong and perfidy of the appellee. She is in destitute circumstances, and is burdened by the unfortunate offspring of appellee's lust. If it was within our power, considering the condition of the record, we would remand the cause, and direct the trial court to enter a judgment in such sum as would, as far as possible, provide for the support and maintenance of the relatrix and her child; but this we can not do.

Although the point is not made, we discover by the record that the court found for the appellee in the sum of $250, but entered a judgment for only $200. There is such a discrepancy between the finding and judgment that the latter ought not to stand. The judgment is therefore reversed, and the trial court is directed to enter judgment for $250, to conform to the finding.