## MICHAEL v. STATE OF INDIANA, EX REL. PEARSON.

[No. 8,504.   Filed January 19, 1915.]

1. BASTARDY.—*Evidence.*—*Sufficiency.*—Notwithstanding the testimony of a number of witnesses to acts of intercourse between relatrix and men other than defendant at about the time conception took place, a verdict for relatrix supported by her testimony

alone, in which she positively denied having intercourse with other men is conclusive on appeal as against the objection that the evidence was insufficient.   p. 521.

2. APPEAL.—*Questions Reviewable.—Misconduct of Counsel.—Record.*—No question is presented on alleged misconduct of counsel in argument to the jury, where the alleged improper remarks are not brought into the record by bill of exceptions, and it does not appear that any proper objection was made.   p. 522.

3. NEW TRIAL.—*Grounds.—Newly-Discovered Evidence.*—The discovery of evidence, which would not have a tendency to produce a different result, is not such newly-discovered evidence as will afford ground for a new trial.   p. 522.

4. NEW TRIAL.—*Grounds.—Absent Witnesses.*—While the refusal to grant a continuance because of the absence of a witness may be ground for a new trial, the absence of the witness is not in itself a ground.   p. 522.

From Hamilton Circuit Court; *Meade Vestal,* Judge.

Action by the State of Indiana, on the relation of Eulah Pearson, against Sanford Michael.   From a judgment for relatrix, the defendant appeals.   *Affirmed.*

*Ira W. Christian, Floyd G. Christian* and *Phil J. Farriss,* for appellant.

*John F. Neal* and *Noel C. Neal,* for appellee.

IBACH, J.—There was a judgment against appellant in a bastardy prosecution.   The only error argued on appeal is in overruling appellant's motion for a new trial.   It is first urged that the case falls within the rule announced in *Whitman* v. *State, ex rel.* (1870), 34 Ind. 360, that where the prosecuting witness has had sexual intercourse with many men, near the time when the child was begotten, and there are no peculiar circumstances to show which connection produced pregnancy, the paternity of the child is too much in doubt to fix it upon any one of the men.   However, in this case, although several witnesses testified to acts of intercourse between relatrix and men other than appellant, at about the time conception took place, each one of those acts is specifically denied by the relatrix.   She testifies positively that appellant is the father of her child, and that

she had no intercourse with any other boys during April, 1911, her child, a full term one, having been born on January 27, 1912. Her evidence is sufficient to support the verdict, the jury must have believed her rather than defendant's witnesses, and as we have no right to weigh the evidence, the verdict will not be disturbed, on account of the insufficiency of the evidence.

It is urged that counsel for the prosecution made improper remarks in his argument to the jury, but these remarks are not made a part of the record by bill of 2. exceptions, and can not be considered. *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 80 N. E. 166; *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033. Neither does it appear that any proper objection to these remarks was taken, nor can we say that the remarks alleged to have been made were of such a character that appellant's rights were prejudiced thereby.

The showing as to what one Applegate would testify to at a new trial would only tend to contradict relatrix as to an unimportant part of her testimony, would not have 3. a tendency to product a different result, and is not ground for new trial because of newly-discovered evidence. It is not shown that one Casey because of 4. whose absence as a witness a new trial was asked, lived in the county of the trial, or an adjoining one, and could have been compelled to attend at a new trial. Nor was any continuance asked because of his absence, and while the refusal to grant a continuance because of the absence of a witness might be a ground for new trial, such absence is not in itself a ground.

We find no error and the judgment is affirmed.

NOTE.—Reported in 108 N. E. 173. As to what is affiliation and how it is established, see 56 Am. Dec. 210. As to newly-discovered evidence of contradictory statements made by witness as ground for new trial, see Ann. Cas. 1912 D 856. See, also, under (1) 5 Cyc. 604; (2) 3 Cyc. 163; (3) 29 Cyc. 899; (4) 29 Cyc. 861.