## MOORE v. STATE, EX REL.

[No. 11,955. Filed October 9, 1924.]

1. BASTARDS.— *Bastardy Proceeding.— Civil Action.— Relatrix Competent Witness.—Statute.—*In this state, a prosecution for bastardy is a civil action, and the relatrix is, by statute (§1015 Burns 1914, §980 R. S. 1881) made a competent witness. p. 675.

2. BASTARDS.— *Bastardy Proceeding.— Appeal.— Sufficiency of Evidence.—Reversal of Judgment.—*On appeal by the defend-

ant in a bastardy proceeding, the judgment will not be reversed for insufficiency of evidence if there is competent evidence fairly tending to support the decision of the trial court.   p. 675.
3.   BASTARDS.—*Bastardy Proceeding.*—*Evidence.*—*Sufficiency.*— Evidence *held* sufficient to sustain judgment against defendant in bastardy proceeding.   p. 675.

From Grant Circuit Court; *J. F. Charles,* Judge.

Proceeding by the State of Indiana, on the relation of Ruth Collins, against Leonard Moore.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Hays & Hays* and *E. H. Graves,* for appellant.
*Wilson D. Lett* and *Julian T. Lett,* for appellee.

REMY, J.—This is a proceeding in bastardy.   A trial resulted in a judgment against appellant who was defendant below.

On the trial, relatrix testified that she was the mother of a bastard child begotten at a certain time and place, and that appellant was the father of the child.   Relatrix also testified that about four months after the child was begotten, she had a conversation with appellant in which she informed him of her trouble, and, at that time, he offered to marry her.   As to the offer of marriage, relatrix was corroborated by the testimony of two witnesses.   Appellant, as a witness in his own behalf, denied that he at any time had had illicit relations with relatrix, or that he had offered to marry her.   There was some evidence tending to prove that the general reputation of relatrix for chastity was bad.   It also appears from the evidence that at the time the child was begotten, the relatrix was but fifteen years of age, and appellant many years older.

It is urged by appellant that the decision is not sustained by the evidence, but rests upon "mere conjecture or suspicion."   We cannot concur in this view.

In this state, a prosecution for bastardy is a civil action (*Gooding* v. *State, ex rel.* [1906], 39 Ind. App.

42) ; and the relatrix is, by statute, made a
1-3. competent witness. §1015 Burns 1914, §980 R.
S. 1881. A judgment against defendant in such
a proceeding will not be reversed on appeal for insuffi-
ciency of evidence if there is competent evidence fairly
tending to support the decision of the trial court.
*Reynolds* v. *State, ex rel.* (1888), 115 Ind. 421. See,
*Evans* v. *State, ex rel.* (1905), 165 Ind. 369, 6 Ann. Cas.
813, 2 L. R. A. (N. S.) 619. We hold the evidence
sufficient.

Affirmed.