McGOLDRICK *v.* STATE OF INDIANA, EX REL. SHULL.

[No. 12,647. Filed February 1, 1927. Rehearing denied April 29, 1927. Transfer denied March 8, 1928.]

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*Charles E. Sturgis, Robert W. Stine* and *Elmore D. Sturgis,* for appellee.

McMahan, C. J.—Appellant was adjudged the father of a bastard child of the relatrix; hence this appeal. The only specification in the assignment of error relates to the overruling of appellant's motion for a new trial.

The child in question was born February 4, 1925. The relatrix testified it was begotten June 19, 1924, and that appellant was its father; that she did not have sexual relations with any person other than appellant during May and June, 1924. She admitted having had intercourse with other men, but said such acts took place in the winter time. On her preliminary examination before the justice of the peace, she testified the child was begotten June 11 or 12; that she had had intercourse with other men about two months after she went to Fort Wayne. There is no evidence when she went to Fort Wayne or how long she was there other than that she stated she had intercourse with one man at Fort Wayne in March, and that she had no intercourse with any man between that date and the time she had intercourse with appellant. There is evidence to the effect that she came home from Fort Wayne week-ends and came home to stay June 7, 1924.

Appellant did not testify on the trial and does not deny having had intercourse with relatrix at the time testified to by her. One of his witnesses, a man about twenty-one years of age, testified that he and two other young men had intercourse with the relatrix June 17, 1924, and that he had had intercourse with her once or twice within the period of two months before that time. He also said appellant had intercourse with her June 19, 1924. The relatrix denied having had intercourse with this witness or either of the two young men he mentioned.

The physician who attended appellee at the birth of the child testified the child, from all appearances, was normal, average in weight and well developed, and that, in his opinion, the child had been carried the full time—

280 days; that the extreme limits within which a child can be fully developed is from 240 to 330 days. A number of other physicians testified that a fully developed child would not be born 230 days after conception.

Appellant's contention is, that the child, according to the testimony of the relatrix, was begotten June 19, and having been fully developed at birth, which was 230 days after June 19, could not have been his child, and if it was begotten June 19, it could not be told who its father was. These contentions require the weighing of the evidence. This we will not do. The jury evidently disbelieved the witness who testified that he and two others had intercourse with the relatrix on June 17, or at any time within which they or either of them could have been the father of the child. All of the physicians testified that a child might be born 230 days after conception and live, although it would be lighter in weight than the child born to the relatrix and would not be fully developed. If the jury believed the testimony of the relatrix, as they had a right to do, it had a right to find the physicians were either mistaken in saying this was a fully developed child or that such a child could not be born 230 days after conception. We must hold the evidence sufficient to sustain the verdict.

In instruction No. 8, given at the request of appellee, the court instructed the jury that the law recognized the fact that in the course of nature a child living and capable of surviving to the ordinary age of man might be born in seven months from the date of conception. Appellant says the giving of this instruction was error because it "states as a legal fact the proposition that is disputed in the evidence," and that the evidence does not sustain the statement. No attempt has been made to point out any dispute in the evidence, or to show that the statement is not sustained by the

evidence. There being no attempt to make any application of this proposition to the evidence, no error is shown in the giving of this instruction.

Instructions Nos. 3 and 9, requested by appellant and which the court refused, relate to the effect of the jury's finding that the relatrix had had intercourse with men other than appellant at a time and under circumstances that the child could have been begotten by some one other than appellant. But one witness testified on this subject. He testified that he and two men other than appellant had intercourse with the relatrix June 17. The jury was sufficiently instructed on this subject, so that, if they believed the testimony of this witness, their verdict would necessarily have been for appellant. It is clear the jury did not believe this witness, and there was no other evidence of any act of intercourse between the relatrix and any one other than appellant. In view of the evidence and the other instructions given, there was no reversible error in the refusal of the court to give either of these instructions.

Instruction No. 5, given at the request of appellee, was to the effect that the purpose of this action was to determine the paternity of the child and to provide for its support, and that if the jury found appellant was the father of the child, the question as to whether the relatrix had sexual intercourse with other men became wholly immaterial. Instruction No. 4, given by the court on its own motion, was, for all practical purposes, identical with No. 5, given at the request of appellee. Of course, the court should not have given both of these instructions. It was doubtless through an oversight that both were given. The subject-matter covered by these instructions was not such as to

lead us to think they were prejudicial to appellant so as to warrant a reversal.

Judgment affirmed.