GOLDMAN *v.* STATE EX REL. THOMAS.

[No. 15,105. Filed November 25, 1935.]

*Robert S. Hunter,* for appellant.

*E. H. Yergin* and *Horace G. Yergin,* for appellee.

DUDINE, J.—This is an appeal from a judgment rendered against appellant in a bastardy proceeding.

The overruling of appellant's motion for new trial is the sole error relied upon for reversal.

The causes for new trial assigned in the motion therefor, and discussed in appellant's brief, are: (1) The verdict is not sustained by sufficient evidence; (2) errors in the giving of certain instructions.

One of the instructions given by the court, and complained of by appellant, reads as follows:

> "If you find from the evidence that the relatrix had intercourse with some person or persons, other than the defendant, at about the time the child was begotten, and you further find from a preponderance of all the evidence that the defendant is the father of such child, your verdict should be that the defendant is the father of the child, notwithstanding your finding, if you do so find, that the relatrix had intercourse with some person or persons other than the defendant."

Appellant says, in his brief, with reference to said instruction:

> "If it is shown that about the time the relatrix became pregnant, that she had intercourse with others, and *can give no particular reason why any one of the acts was the one in which the child was begotten,* the evidence will be insufficient to justify a finding against the defendant." (Our italics.) Citing *Whitman* v. *State ex rel. Hemminger* (1870),

34 Ind. 360; and *Kintner* v. *State ex rel Ripperdan* (1873), 45 Ind. 175.

.We agree with said statement as an abstract principle of law, but that principle is not applicable as a test of said instruction, because said instruction does not assume that the relatrix could "give no particular reason why any one of the acts was the one in which the child was begotten."

By that instruction the court told the jury, in effect, that if they found that other persons, besides appellant, had intercourse with the relatrix at about the time the child was begotten, such finding would not, of itself, prohibit a finding by them that defendant was the father of the child. Such a statement is supported by former decisions of this court. (See *Goodwine* v. *State ex rel. Dove* [1892], 5 Ind. App. 63, p. 68, 31 N. E. 554.) Said instruction is not inconsistent with the decision of the court in either of said authorities cited by appellant.

Appellant has not cited any authorities in support of any other of his contentions.

We deem it unnecessary to specifically discuss any of the other contentions made by appellant with reference to the instructions, but deem it sufficient to say that we have carefully considered the instructions, and in our opinion the instructions, taken as a whole, fairly and sufficiently advised the jury as to the law of the case before them.

The relatrix testified that she had intercourse with appellant on two occasions, the first time the latter part of February, 1931, and on or about March 11, 1931; that the child was born alive December 31, 1931; that the child was living at the time of the trial and that appellant is the father of the child; and that she had never had intercourse with anyone except appellant. That evidence, of itself, is sufficient to

sustain the verdict. See *Michael* v. *State ex rel. Pearson* (1914), 57 Ind. App. 520, 108 N. E. 173.

Appellant testified that he did not have intercourse with relatrix at any time, and he introduced evidence which showed that at about the time of the conception of the child, relatrix had intercourse with two other men.

The evidence as to whether or not relatrix had intercourse with appellant at said time, and as to whether or not she had intercourse with other men at about that time, being conflicting, this court will not disturb the finding which the jury presumably made as to said issues of fact.

No reversible error having been shown, the judgment is affirmed.