## BARKEY v. STOWELL

[No. 17,503. Filed January 10, 1947.]

Ralph Bower, of Kentland, and Lutz, Johnson and Lutz, of Indianapolis, for appellant.

Herbert J. Morris, and David P. Stanton, both of Gary, for appellee.

HAMILTON, P. J.—This is an appeal by appellant from a judgment rendered against him in an action prosecuted by appellee under ch. 112, Acts of 1941, §§ 3-623 to 3-655, inclusive, Burns' 1946 Replacement, to compel support of appellee's child born out of wedlock.

The trial was to the court, without a jury. The findings were: (1) That the appellant was the father of appellee's child; (2) that the appellant pay the cost

of the action; (3) that the appellant pay the sum of $30 to appellee for doctor expense in connection with the birth of said child; (4) that the appellant pay the sum of $25 per month for the support and maintenance of said child, payable in equal installments of $12.50 each, twice each month, beginning January 1, 1946; (5) that appellant be placed on probation on condition that he complies with the order of the court. The judgment followed these findings.

The errors assigned are: (1) That the court erred in overruling appellant's motion to dismiss for lack of jurisdiction; (2) that the court erred in overruling appellant's motion for a new trial, which assigns as reasons therefor: (a) That the finding of the court is not sustained by sufficient evidence; and (b) that the finding of the court is contrary to law.

No question is presented for our consideration by the first assignment of error for the reason that appellant has waived all consideration relative thereto by failure to support such alleged error under Propositions, Points and Authorities in his brief, as required by cl. (f) of Rule 2-17, 1943 Revised Rules of the Supreme Court. *Myers* v. *Brane* (1944), 115 Ind. App. 144, 154, 57 N. E. (2d) 594; *Duffy* v. *Hayden* (1943), 114 Ind. App. 125, 128, 50 N. E. (2d) 666.

Appellant asserts that the finding and judgment are not sustained by sufficient evidence for the reason that the evidence is insufficient under the law to establish that the appellant was the father of appellee's child, born on October 17, 1942.

The evidence in the record most favorable to appellee is as follows: Appellee and appellant had sexual intercourse sometime during the month of February, 1942, the exact date appellee did not remember and was

unable to state; that she didn't menstruate during the month of February, 1942; that she didn't remember whether she had a menstrual period during January, 1942, but supposed she did; that she had intercourse twice before the baby was born, once with the appellant in February, 1942, and the other time two years previous thereto; that she had no intercourse with any other person in 1942 or at any other time—except the two occasions mentioned, and there is no evidence in the record to contradict her testimony upon this point. That the baby was born on October 17, 1942, which was sooner than she expected him to be born; that she planned on his coming in November, 1942, instead of October; he didn't come the full nine months; he wasn't a complete nine months' baby. That shortly before the baby was born at Thayer, Newton County, Indiana, appellee visited a sister residing at Clinton, and while there fell down a flight of stairs, a distance of six or seven steps; that she broke the heel of her shoe, causing her to roll down the steps; that she was in bed a day or two thereafter; then rode home in an automobile, requiring three to four hours riding; the baby was born in less than a week after her arrival home.

The physician who attended appellee at the birth of her child testified that the average period of gestation was 280 days, figured from the date of conception if this exact date is known; that there were no complications at the birth of the baby; that the baby cried as soon as it was born and was able to move its legs, and urinated within ten minutes after it was born, its ears and eyes seemed normal, the bones of its head had a certain degree of solidarity, its eyebrows and nails were fully developed. The doctor stated that he wouldn't say it was an immature baby and that a child born in that condition was a full term baby. The doctor stated

further that an accident or fall could provoke a miscarriage; lots of things could produce that; that a baby could be born before 280 days if there was an abortion or miscarriage. Accidents could produce a birth at seven months, or at any intervening time after seven months. It wouldn't have to be seven months or eight months. The witness stated further that he knew of one instance when the baby was born 39 days from the date picked.

Appellant testified that the only date that he was with appellee in February, 1942, was Sunday night, February 22, and that he did not have intercourse with her at that time or at any other time.

Appellant earnestly insists that the foregoing evidence conclusively shows that the baby was born 237 days after the only date appellant could have had intercourse with its mother and therefore the appellee failed to discharge the burden which rested upon her to show by preponderance of the evidence that the appellant was the father of her child.

In this connection it must be remembered that the trial court had a better opportunity for weighing the evidence than we can have with only the printed record before us; it saw the parties and witnesses face to face and heard them testify; it observed their manner and demeanor while on the witness stand and therefore was better able to determine whether the appellee had sustained the burden of showing that the appellant was the father of her child. *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. (2d) 915; *Combs* v. *Gilley* (1941), 219 Ind. 139, 36 N. E. (2d) 776; *Medler* v. *State ex rel. Dunn* (1866), 26 Ind. 171. The appellee's testimony is sufficient to support the finding of the court which must have believed her testimony rather than that of appellant's witnesses, and, as we have no right to weigh the

evidence, the finding that the appellant is the father of appellee's child will not be disturbed on. account of the insufficiency of the evidence. *Michael* v. *State, ex rel.* (1915), 57 Ind. App. 520, 108 N. E. 173; *Moore* v. *State, ex rel.* (1924), 81 Ind. App. 673, 675, 144 N. E. 843; *Reynolds* v. *State, ex rel. Cooper* (1888), 115 Ind. 421, 17 N. E. 909.

Assuming, as asserted by appellant, that the evidence showed that the single act of intercourse between appellant and appellee occurred on February 22, 1942, and that the child was born October 17, 1942, a period of 237 days thereafter, this fact of itself is not sufficient under the law to require this court to reverse the finding of the court because of the insufficiency of the evidence to prove the appellant was the father of such child. *McGoldrick* v. *State, ex rel.* (1928), 87 Ind. App. 175, 177, 155 N. E. 52 (230 days); *Hull* v. *State, ex rel. Dickey* (1883), 93 Ind. 128, 130 (238 days).

Under Propositions II and III of his brief, appellant seeks to challenge the following part of the court's finding as not being sustained by sufficient evidence, to wit:

> "It is further found by the court that defendant pay the costs of this action on or before March 1, 1946; that defendant pay the sum of $30.00 to plaintiff for doctor expense in connection with the birth of child herein, on or before April 1, 1946; and that defendant pay the sum of $25.00 per month for support and maintenance of child herein which said sum should be paid in two installments of $12.50 each, on the 1st and 15th days of each month commencing January 1, 1946. All sums ordered herein to be paid to the Clerk of this court at Crown Point, Indiana. Defendant to be placed on probation to Julia K. Schroeder, chief probation officer of this court on condition that he will in all respects comply with the order of this court."

It is firmly established by the authorities in this state that in proceedings to establish the paternity of a

child born out of wedlock, the only ultimate issue involved upon trial of the cause is the question as to the paternity of the child and that the trial proper ends with the finding of the court or jury upon the issue as to whether the defendant is, or is not, the father of such child. *Scott* v. *State, ex rel. Dale* (1885), 102 Ind. 277, 1 N. E. 691; *McIlvain* v. *State, ex rel. Emery* (1881), 80 Ind. 69, 74.

Section 3-633, Burns' 1946 Replacement, of the present statute provides that the petition, or complaint, shall contain a brief statement of the facts to establish the paternity of the child, and under the express provisions of § 3-641, the only fact to be included in the verdict, if the cause is tried by a jury, is whether the jury finds in favor of the petitioner or the defendant and said section provides that, in entering judgment upon the verdict, the court is authorized to make an order which shall make adequate provision for the support of the child, taking into consideration the needs of the child and the ability of the defendant to pay. We construe the foregoing sections of the statute to mean that the only ultimate fact to be determined by the court or jury hearing the cause is the question of the paternity of the child. The present statute is, for all practical purpose in said respect, the same as the former bastardy statute, and for this reason we hold that the provisions of the court's findings with respect to the various amounts which the defendant should pay for the support of the child and the manner of making such payments were surplusage and may be disregarded entirely and that reversible error cannot be predicated upon such findings, even if they are not supported by the evidence.

The authorities hold further that under our former bastardy statutes the amount to be paid by the defend-

ant, after there has been a finding that he is the father, is determined by the court and fixed in the judgment of the court and that the question as to the amount to be paid cannot be questioned upon appeal by a motion for a new trial assigning as grounds therefore that the finding and judgment in that particular (a) is not sustained by sufficient evidence; (b) or is contrary to law, (c) or that the amount fixed to be paid is either excessive or too small. *McIlvain* v. *State ex rel. Emery, supra; Scott* v. *State ex rel. Dale, supra; Hamilton* v. *State ex rel. Harris* (1889), 117 Ind. 348, 20 N. E. 252; *State ex rel.* v. *Richeson* (1905), 36 Ind. App. 373, 379, 75 N. E. 846. Such question can be presented only by a motion to modify the judgment. *McIlvain* v. *State ex rel. Emery, supra; State, ex rel.* v. *Richeson, supra.*

It has been the practice in this state, immemorially, for the judge in bastardy proceedings to hear evidence or not, as he deemed necessary, upon the subject of the amount to be awarded to be paid by the defendant for the support of the child, and in the absence of abuse of discretion, the Appellate Court will not interfere with the finding or judgment as to the amount to be paid. *Medler* v. *State ex rel. Dunn, supra; Goodwine* v. *State ex rel. Dove* (1892), 5 Ind. App. 63, 70, 31 N. E. 554; *Scott* v. *State ex rel. Dale, supra.* Therefore, we hold that the same construction should be adopted with reference to the present statute as applied to the former bastardy statutes.

Under Proposition IV the appellant questions the power and authority of the trial court to place the appellant on probation.

We agree that, under the provisions of § 3-643, Burns' 1946 Replacement, it is the duty of the court to (1)

require the appellant to give security by bond with surety conditioned upon the payment of the judgment; (2) on failure to furnish such bond the court could order the appellant to jail for not more than one year; or (3) on failure to give bond as ordered the court had the right to commit the appellant to the custody of a probation officer upon such terms and conditions and personal reports as the court directed and upon failure to comply with such terms and conditions the court could order the appellant to jail.

We hold further that the court had no right to place the appellant upon probation until and unless the appellant had first failed to comply with an order requiring him to give security by bond with surety conditioned upon the payment of the judgment. The judgment fails to follow the provisions of the statute, and for this reason, we hold that the judgment as rendered is void and a nullity insofar as it fails to conform to the statute. Section 3-641 provides that the order of the judgment shall be a continuing one and that the court shall have jurisdiction to modify it with respect to the amount of support and the method of payment at any time before the child reaches its majority or is emancipated.

Therefore, we hold that the trial court has the authority either upon its own motion or upon motion of either party to modify and correct the judgment to conform to the provisions of the statute as herein construed.

Lastly, appellant contends that ch. 112, Acts of 1941, does not give the court the authority to establish paternity in an action instituted by the mother to compel the support of her child born out of wedlock. We do not agree with such contention. Section 3-631, Burns' 1946 Replacement, expressly authorizes the mother to prosecute an action to compel

support, and § 3-641 provides that "The judgment shall establsh the paternity of the child and may also provide for the payment of the necessary expenses incurred by, or on behalf of, the mother, in the course of the pregnancy and also in connection with the birth of the child." We hold that, under the authority granted by said statute, the court was expressly authorized to establish the paternity of appellee's child.

The cause is remanded with directions to the trial court to modify its judgment so as to conform to § 3-643, Burns' 1946 Replacement, in accordance with the views expressed in this opinion, and the judgment when so modified is hereby affirmed.

Bowen, J, not participating.

NOTE.—Reported in 70 N. E. (2d) 430.