VAN SCOY *v.* DIEDAM.

[No. 18,805. Filed March 12, 1956. Rehearing denied April 17, 1956. Transfer denied July 5, 1956.]

*David R. Baum,* of Delphi, *Kenneth D. Osborn, David D. Osborn,* of LaPorte, and *Frank S. Pryor,* of Frankfort, for appellant.

*William N. Kenefick,* of Michigan City, and *Albert B. Chipman,* of Plymouth, for appellee.

ROYSE, C. J.—Appellee brought this action against appellant to determine the paternity of a child and for the support of said child. At the trial appellant, by a written stipulation, admitted he was the father of said child. The only issue remaining for the determination of the trial court was the extent and amount of appellant's obligation for the support of said child. The trial court found that appellant should pay $150.00 per month for the support of said child and $500.00 for attorneys' fees.

The assignment of error here is "That the court erred in overruling appellant's motion for a new hearing". The specifications of that motion are: "1. The finding of the Court is not sustained by sufficient evidence. 2. The finding of the Court is contrary to law".

Appellee has filed her motion to dismiss or, in the alternative, that the judgment be affirmed, for the reason the motion for new trial raises no question, and the failure of appellant to file a motion to modify the judgment presents a situation where there is no question presented to this court.

In the case of *Barkey* v. *Stowell* (1947), 117 Ind. App. 162, 70 N. E. 2d 430, this court was presented with the same question before us here. After referring to the statute under which that action was brought, speaking through Judge Hamilton, we said, at pp. 169, 170:

"The authorities hold further that under our former bastardy statutes the amount to be paid by the defendant, after there has been a finding that he is the father, is determined by the court and fixed in the judgment of the court and that the question as to the amount to be paid cannot be questioned upon appeal by a motion for a new trial assigning as grounds therefore that the finding and judgment in that particular (a) is not sustained by sufficient evidence; (b) or is contrary to law, (c) or that the amount fixed to be paid is either excessive or too small. *McIlvain* v. *State ex rel. Emery* (1881), 80 Ind. 69, 74; *Scott* v. *State, ex rel. Dale* (1885), 102 Ind. 277, 1 N. E. 691; *Hamilton* v. *State ex rel. Harris* (1889), 117 Ind. 348, 20 N. E. 252; *State ex rel.* v. *Richeson* (1905), 36 Ind. App. 373, 379, 75 N. E. 846. Such question can be presented only by a motion to modify the judgment. *McIlvain* v. *State ex rel. Emery, supra; State ex rel.* v. *Richeson, supra.*"

See also, Flanagan, Wiltrout & Hamilton, Indiana Trial and Appellate Practice, Vol. 2, §1782; Lowe's Rev. Indiana Practice, Vol. 4, §65.62.

Appellee's motion sustained. Judgment affirmed.

NOTE.—Reported in 132 N. E. 2d 623.